[No. 14732. Department Two. August 3, 1918.]

## CLARK L. SMITH et al., Respondents, v. THE CITY OF SPOKANE, Appellant.[1]

MUNICIPAL CORPORATIONS—STREETS — PERSONAL INJURIES — DEFECTIVE CROSSINGS—QUESTION FOR JURY. Whether a city was negligent in maintaining a smooth, slippery, manhole cover in the line of crossing for foot travel, is for the jury, where plaintiff, in the exercise of due care, slipped and fell upon it, and other pedestrians had fallen upon it.

SAME—STREETS—DEFECTIVE CROSSINGS — ACTIONS — INSTRUCTIONS. Where there was no question as to the location of a manhole, alleged to be in the crossing, the court is justified in treating it as an admitted fact and in instructing upon the theory that it was in the sidewalking or crossing between corners.

Appeal from a judgment of the superior court for Spokane county, Carey, J., entered September 17, 1917, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained in a fall upon a defective street. Affirmed.

*J. M. Geraghty* and *Alex M. Winston,* for appellant.
*Tolman & King,* for respondents.

CHADWICK, J.—Respondents allege as a cause of action:

"That on, and long prior to, the 2d day of January, 1917, the defendant negligently permitted and maintained a manhole covering in Post street, at the south-

[1]Reported in 174 Pac. 2.

east corner of Main avenue, in said city, within the lines (extended) of the sidewalk on the south side of said Main avenue; which covering was of rounded surface, which surface had by long use and travel thereupon and thereover become smooth and slippery; which slipperiness was increased by water, ice, or snow thereon.

"That, by reason of said rounded surface and by reason of said smoothness and said slipperiness thereof, said cover was a constant danger to foot passengers traveling on said street and stepping thereon; which was, on and long prior to said 2d day of January, 1917, well known to defendant, or would have been known to it by the exercise of reasonable care by it in that behalf.

"That on said 2d day of January, 1917, while plaintiff, Belle S. Smith, was in the exercise of due care and caution, she stepped upon said cover, which was then and there wet and partially covered with snow and ice, and slipped and fell thereon and fractured the internal and external malleoli of her right leg and displaced her right foot inward and backward and also sustained abrasions of both of her elbows; that the injury to the right leg and foot of the said Belle S. Smith is permanent in character."

The manhole cover has been brought here as an exhibit. The burden of appellant's argument is that a view by the court of the manhole cover will warrant a holding, as a matter of law, that the cover is not such a menace as to make the city liable to answer in damages to one who is injured by falling thereon; that the city is not an insurer but is only required to keep its streets in a reasonably safe condition for persons exercising ordinary care and prudence.

Our attention is called to the fact that, in the city of Spokane, it is necessary to maintain water and sewerage systems and that manholes are an essential part of these systems and that, to hold the city to a burden of keeping the manhole covers to an exact degree of

smoothness or roughness, would put upon the cities of the state the burdens of an insurer.

While this argument might seem attractive if the manhole had been located at some place in the street other than upon the line of crossing for foot travel, it runs counter to our own holdings in the several cases where verdicts have been sanctioned for injuries sustained on sidewalks. *Smith v. Tacoma,* 51 Wash. 101, 98 Pac. 91, 21 L. R. A. (N. S.) 1018; *Piper v. Spokane,* 22 Wash. 147, 60 Pac. 138; *Smith v. Seattle,* 33 Wash. 481, 74 Pac. 674; *Seattle v. Puget Sound Imp. Co.,* 47 Wash. 22, 91 Pac. 255, 125 Am. St. 884, 12 L. R. A. (N. S.) 949; *DeLor v. Symons,* 93 Wash. 231, 160 Pac. 424; *Peterson v. Seattle,* 100 Wash. 618, 171 Pac. 657.

The testimony shows that respondent Clara Belle Smith was in the exercise of due care, that the manhole had become smooth and that other pedestrians had fallen on it. It was for the jury to say whether the crossing was reasonably safe for persons exercising ordinary care and prudence.

Counsel contends that the case went to the jury upon the issue that there was an appreciable slope to the cover, and that it was so smooth and slippery as to be dangerous, and from the ocular evidence argues, *In claris non est locus conjecturis,* that it is obvious that the cover is not so smooth as to be dangerous and that it has no appreciable slope, and that the only ground for negligence upon which the verdict might be sustained is that the manhole was maintained in the way of foot travel.

We have quoted the complaint. We are of the opinion that it sufficiently charges that the manhole was in the crossing, and have examined the instructions of the court with a view of ascertaining whether the court advised the jury of its duty in respect of this charge. While the court did not instruct upon this issue spe-

cifically, it did instruct generally that respondents must recover upon "the matters and things complained of in her complaint." There was no question raised as to the location of the manhole, and the court was warranted in treating it as an admitted fact and in instructing the jury upon the theory that the manhole was on the sidewalk or on the crossing between corners.

Affirmed.

MAIN, C. J., MOUNT, HOLCOMB, and MACKINTOSH, JJ., concur.