[No. 19829.   Department One.   November 3, 1926.]

ORLANDO STANHOPE *et al.*, *Respondents*, v. D. M.
STRANG *et al.*, *Appellants.*[1]

[1] HIGHWAYS (52, 59)—NEGLIGENT USE OF MOTOR VEHICLES—IN-
STRUCTIONS.  In an action for injuries sustained in an automo-
bile collision, it is not an unlawful comment on the evidence
to instruct that the burden of proof was on the defendant to
show that plaintiffs were guilty of negligence which contributed
to the injury, where it appears that there was a collision when
defendant's car struck plaintiff's car in the rear, going in the
same direction and attempting to pass.

[2] TRIAL (101)—INSTRUCTIONS—REQUESTS—ALREADY GIVEN. It is not
error to refuse a proper requested instruction, when several
instructions given clearly covered the subject and appellant's
theory of the case.

[3] DAMAGES (81)—EXCESSIVE DAMAGES—INJURY TO SPINE.  A re-
covery of $2,000, reduced by the trial judge to $1,000, for in-
juries sustained in an automobile collision is not excessive,
where the back of the plaintiff, who was sixty years of age,
was severely strained, and he was unable to perform his cus-
tomary work eight months later at the time of the trial.

[4] DAMAGES (80, 87)—EXCESSIVE DAMAGES—PERSONAL INJURIES IN
GENERAL—IMPAIRMENT OF EARNING CAPACITY.  A recovery of
$5,000 for injuries sustained by a married woman, thirty-seven
years of age, will not be held excessive, where she had been a
strong, healthy woman, accustomed to hard work, and after
the accident became nervous, morose, dizzy and sick, and lost
thirty pounds within eight months, and there was evidence that
her condition remained the same at the time of the trial and
was due to the accident.

Appeal from a judgment of the superior court for
Skagit county, Joiner, J., entered July 29, 1925, upon
the verdict of a jury rendered in favor of the plaintiffs,
in an action in tort.   Affirmed.

*John W. Heal, Jr.*, and *R. V. Welts*, for appellants.
*Stanley J. Padden* and *George F. Ward*, for respond-
ents.

[1]Reported in 250 Pac. 351.

BRIDGES, J.—During the forenoon of a day in August, 1924, the plaintiffs were travelling in their Star automobile along the Bothell highway towards Seattle. Mrs. Stanhope was driving, and her husband sat with her in the front seat. They were going at the rate of about twenty miles an hour. At the same time, the defendant Strang was driving his Buick car towards Seattle. He overtook the plaintiffs' car, and, after following it a distance, undertook to pass it and in so doing speeded up his car. When he got about opposite the plaintiffs' car, he observed for the first time another car coming very rapidly from the opposite direction, and, sensing the dangerous situation, checked his own car with a view of again falling in behind the plaintiffs' auto. In so doing, according to the testimony of the plaintiffs, the front end of his car struck the right rear end of the plaintiffs' car, causing it to increase its speed and suddenly start diagonally across to the left side of the road where, before it could be stopped, it went over the bank, and both plaintiffs were injured. They say that they used every endeavor to keep the car on the road and to stop it, but were unable to do either. On the other hand, the testimony of the defendants was to the effect that their car did not strike the plaintiffs' car, nor cause it to cross the road or upset. We do not think a more extended statement of the facts is necessary, because it seems to be practically conceded that there was testimony sufficient to carry the case to the jury on the question of negligence and contributory negligence; that, at least, is our conclusion after reading the evidence.

The jury gave Orlando Stanhope two thousand dollars and his wife five thousand dollars. The trial court, after having reduced the verdict in favor of Orlando Stanhope to one thousand dollars, denied defendants' motion for a new trial, and this appeal results.

[1] Complaint is made of instruction No. 13, which was to the effect that the burden of proof is on the defendants to show by a fair preponderance of the evidence not only that plaintiffs were negligent, but that such negligence contributed "to the happening of the collision in which they sustained injury;" and that, if the jury should determine that the plaintiffs were guilty of contributory negligence, then they should find for the defendants. The particular objection to this instruction is that it is a comment on the evidence, and that the court erred in assuming that a collision had occurred. We do not think the instruction subject to either of the criticisms made. The testimony seems to conclusively show that there was at least a slight collision between the two autos, and under those circumstances it would not be erroneous for the court to assume in its instructions that a collision had occurred. Nor was there any comment upon the evidence which would be in violation of our constitutional provisions.

[2] Complaint is made that the court erred in refusing to give appellants' requested instructions Nos. 7, 8, 9, 10 and 11. Request No. 7 was to the effect that, if the jury found that a collision had taken place, that Mrs. Stanhope who was driving the Star car, failed to exercise ordinary care from the time of the collision until her car went off the highway, and that such failure on her part contributed to the injury, then respondents would be guilty of contributory negligence and could not recover. It may be that this instruction stated the law, and that it would not have been error to have given it, but the court's instructions Nos. 11, 13 and 15 clearly covered this phase of the case. By No. 11, the court told the jury that if they believed that the injury could have been avoided by the exercise of ordinary care on the part of the respondents, even though they should find that the appellants had been

guilty of negligence, then the respondents could not recover. This clearly stated the law of contributory negligence and plainly included any negligence of which the respondents might have been guilty after their car started across the road. The court's instruction No. 13 also covered the question of contributory negligence, and told the jury that if the respondents had been guilty of such negligence then they could not recover. And again, in instruction No. 15, the jury were told that, if Mrs. Stanhope, the driver of the respondents' auto, was guilty of such negligence as contributed to the injury of respondents, then there could be no recovery. It seems to us that these instructions clearly covered the appellants' theory of the case, which was that respondents had negligently permitted their auto to cross the road and upset.

Request No. 8 was in substance the same as the one just discussed.

Request No. 9 was to the effect that, if Anna Stanhope, the driver of the respondents' car, became excited and nervous, and as a result thereof failed to exercise that degree of skill in the operation of her auto which a person of ordinary skill would have exercised under the same circumstances, and that if her excitement and nervousness and failure to exercise reasonable skill contributed to her injury, then respondents could not recover. It seems to us that this request does nothing more than state the doctrine that a person who is injured must have exercised reasonable care under all the shown circumstances and conditions; and this is exactly what the court told the jury in several of its instructions.

Request No. 10 covers the same ground as No. 9, and for the reasons stated we do not think there was any error in refusing it. Request No. 11 was clearly covered by instructions Nos. 11 and 13.

Too many instructions are as dangerous as too few. When the court has once covered the law of the case in plain and simple language, the charge to the jury should be ended, for further instructions in different language have more tendency to confuse than to enlighten. We are satisfied that the court very carefully and fully covered the law of the case and the theory of both parties to it, and that there was no error in refusing to give any of the requested instructions.

[3] It is very earnestly argued by the appellants that the award is excessive. It will be remembered that the verdict for Orlando Stanhope was two thousand dollars, and that for his wife five thousand dollars, and that the court reduced the first portion of the verdict to the sum of one thousand dollars. At the time of the injury Mr. Stanhope was sixty years of age. Previous thereto he had been in good health and accustomed to do hard work. There was testimony tending to show that, in addition to a few more or less superficial bruises, his back was somewhat seriously wrenched and that for some months it hurt him and he was not able to do any heavy work, and that at the time of the trial it was still more or less stiff and sore. Under these circumstances, we can not say that the amount to which the court reduced this portion of the verdict is still excessive.

[4] Mrs. Stanhope was thirty-seven years of age at the time of her injury. Her life had been spent in work. Prior to the accident she had been at all times a strong, vigorous, healthy and cheerful woman. She received numerous scratches, bruises and contusions as a result of her car turning over. It rolled down the embankment about sixteen feet and landed on its top. After the accident she became very nervous and morose, had dizzy and sick spells, and at times some temperature. She constantly complained of great

tenderness and soreness about the abdomen. From the time of the accident to the time of the trial, which latter was about eight months after the injury, she had lost about thirty pounds in flesh. If her testimony is to be believed, she not only suffered a very great deal, but at the time of the trial her condition was about as bad as at any time after the injury. If her various ailments were the result of her injuries, then it is plain to us that the verdict of five thousand dollars is not excessive. Some of the expert testimony strongly tended to indicate that it was probable that there had been some intervening cause, and that all her ailments could not be traced, either directly or indirectly, to the accident and her injury. On the other hand, there was the testimony of doctors to the general effect that her condition was the result of the injuries which she had received when the car turned over. This woman was in almost perfect health before the accident, and at the time of the trial had many ills and much suffering and was but little like her former self, either physically or mentally. Under these facts and under the testimony, which we have carefully read, we can not say that the verdict was too large.

The judgment is affirmed.

TOLMAN, C. J., HOLCOMB, ASKREN, and FULLERTON, JJ., concur.