[No. 22206. Department Two. August 8, 1930.]

ELLEN McCLANAHAN, as Executrix, Respondent, v. HENRY J. FISHER, Appellant.[1]

[1]Reported in 290 Pac. 864.

*C. J. Henderson* and *Alfred McBee*, for appellant.
*R. V. Welts*, for respondent.

MITCHELL, C. J.—This action arose out of a collision of automobiles August 15, 1927, at the intersection of Second and Gates streets in the city of Mt. Vernon; Gates street being thirty-seven feet, and Second street forty feet, between curbs. The action was brought by Dr. A. L. McClanahan against Henry J. Fisher. The verdict and judgment were for the plaintiff. The defendant has appealed. Dr. McClanahan died after the appeal was taken, and Ellen McClanahan, as executrix, has been substituted in his stead as a party to the action.

At the time of the accident, Dr. McClanahan was going west, traveling about the center of Gates street, while the appellant was going north along Second street. At that time there was in force an ordinance of the city which provided:

"It shall be unlawful for any person operating any motor vehicle upon Washington street, Montgomery street, Gates street, Myrtle street or Pine street and going either in an easterly or westerly direction, to enter upon the intersection of either First street or Second street in said city without first coming to a complete stop."

Pursuant to the ordinance, there had been placed the ordinary stop sign in the center of Gates street, a short distance east of the property line projected across Gates street on the east side of Second street.

Dr. McClanahan testified that the collision occurred

near, north and west of the center of the street intersection, while appellant testified it occurred about four feet east of the center of the intersection. The doctor further testified that, on reaching the stop sign, on looking south, that is, to his left, he saw appellant's car, some two hundred feet away, coming north. He then testified:

"I stopped to let three women and some children go by. After I stop, I always start my car in low gear; that is the ordinance. As I started up after stopping, I looked up and down the street like anyone would do, and there wasn't any traffic. I looked just the natural course. A man going west would look north and south. I stopped and waited there about two or three seconds, then I looked up and down the street again, had plenty of room, there was nothing in my view, not a car moving, so then I started moping across, traveling in low gear."

And, still further, he testified that, upon starting after the women passed, the Fisher car

". . . was quite a ways down, maybe one hundred and fifty feet, something like that. I saw his car on the highway on Second street, it was coming from the south, going over the old viaduct. . . . Q. Then what did you do? A. I drove straight across is all I know, nothing else to do. Q. What happened to you? A. I got bumped."

He said he was traveling in low gear, less than fifteen miles an hour. He did not look to the south after he saw appellant's car one hundred and fifty feet south of Gates street.

Appellant testified that he was driving north on Second street; that he was, as shown by subsequent measurement, sixty feet south of the intersection when he first saw the doctor's car on Gates street, entering the intersection. He further testified that he was traveling fifteen to twenty miles an hour when he first noticed the other car, and that he reduced his

speed to ten miles an hour upon reaching the intersection, and that, to avoid hitting him, he "put the brakes on and cut around to the left side." There was no express denial of the testimony of either as to the speed of his car.

■ The first argument on behalf of the appellant is that a motion for a nonsuit at the conclusion of plaintiff's case should have been granted because the plaintiff McClanahan was guilty of contributory negligence as a matter of law. However, upon the testimony already set out, together with other that need not be detailed, the case was one for the jury, in our opinion.

■ ■ The next point is that the appellant's requested instructions numbered three and ten were improperly refused. However, the matters to which they related were sufficiently and properly covered by instructions that were given. The same may be said of the complaint of the court's refusing to give requested instruction number twenty-four. Nor was there any error in refusing to give defendant's requested instruction number twenty-five, which was to the effect that plaintiff would not be allowed to say that, before entering Second street, he looked and did not see defendant's approaching automobile, if, by the exercise of ordinary prudence, he could have seen it. The refusal to give this instruction was not error because, as already stated, the doctor testified that he did see appellant's automobile at least twice before it reached the intersection.

■ Error is assigned upon the giving of instruction number twelve, mistakenly mentioned by the appellant as number thirteen. In substance, the jury was told that, if they found by a fair preponderance of the evidence, Dr. McClanahan stopped his car at the intersection and then entered it before appellant's car had reached the same,

".  .  . and Dr. McClanahan drove his car across said intersection as a reasonably careful person, similarly situated, would have driven it, then the McClanahan car had the right of way in crossing said street."

Appellant concedes that the instruction would be proper but for the provision of the ordinance requiring one traveling on Gates street to stop before entering upon Second street. But, without discussing the question as to whether the ordinance made Second street an arterial highway in effect, without so declaring, the appellant cannot claim that the instruction was prejudicial to his rights, because of his own admission that he was sixty feet south of Gates street, traveling at a low rate of speed, at the time Dr. McClanahan, traveling along the north side of Gates street, entered the intersection. This is so particularly because of the provision in the instruction with reference to Dr. McClanahan acting as a reasonably careful person similarly situated would have acted while crossing the intersection.

Finding no substantial error in the trial, the judgment is affirmed.

FULLERTON, MAIN, MILLARD, and HOLCOMB, JJ., concur.