[No. 25338. Department Two. December 27, 1934.]

JOHN C. THORNTON et al., Respondents, v. JOHN N. ENEROTH et al., Appellants.[1]

[1]Reported in 39 P. (2d) 379.

*Floyd Foster* and *Whittemore & Truscott,* for appellants.

*D. V. Morthland* and *Harry L. Olson,* for respondents.

HOLCOMB, J.—This is a second appeal after a third trial of the case. On the former appeal, reported in 176 Wash. 1, 30 P. (2d) 951, the case was heard *En Banc* after a second hearing, and the facts may be there found. It is unnecessary to again detail them here.

On a retrial, the jury awarded a verdict in favor of respondent against appellants Eneroth and Harrison in the sum of $13,778. Harrison paid five thousand dollars and one-half of the costs in partial satisfaction of the judgment, and has not appealed. Eneroth and wife alone appeal. It was stipulated by all parties that the payment of a portion of the judgment and costs by Harrison would not affect the rights of either appellants or respondents on this appeal, except that the amount of the judgment against these appellants, if affirmed, would be reduced by the extent of such payment.

Nineteen errors are assigned by appellants, almost all of which were decided adversely to them in the former decision.

▮ Upon the retrial, the parties and the trial court were all bound by the law as made by the decision on the other appeal. On appeal therefrom, the parties and this court are bound by that decision unless and until authoritatively overruled. *Baxter v. Ford Motor Co.,* 179 Wash. 123, 35 P. (2d) 1090. The majority are not disposed to overrule or recede from the former decision.

▮ On this appeal, appellants assert (1) that Eneroth was not negligent; (2) that his negligence, if

any, could not have been the proximate cause of the injuries complained of; (3) that, if negligent, Eneroth could not have been a joint tort feasor with the other defendants in causing the injuries complained of; and (4) that the plaintiff was, as a matter of law, guilty of flagrant contributory negligence, barring any recovery for such injuries.

All of the above points were matters of fact for the jury to decide under our former decision, and which the jury resolved against appellants.

The only new case cited by appellant, in addition to those cited by the several appellants on the former appeal, is *Gooschin v. Ladd*, 177 Wash. 625, 33 P. (2d) 653, where we also held that the question of plaintiff's contributory negligence was for the jury, and we consider this a stronger case for the jury on the facts as to the contributory negligence of respondents, than that.

The only instance pointed out by appellants as being "substantially different" in the facts on the retrial than on the former trial is in the testimony of Eneroth, when testifying on his own behalf, that "a gust of wind, or something, closed up everything on the car so I couldn't look through;" that he cleaned off a small space where the swipe operated when he stopped near the city limits by putting his hands on the inside of the windshield and letting the swipe operate, and that all the rest of the windshield was covered by ice. The fact that a gust of wind, *or something*, closed up everything on the car is indefinite and unsubstantial. Eneroth was an interested witness, and the jury had the right to disbelieve that testimony because of its uncertainty, or on any other ground. It does not constitute a substantial difference in the evidence.

Exceptions were taken to the giving and re-

fusal of a number of instructions. Forty-three instructions in all were given by the trial court, nine of which covered more or less formal matters. Appellants proposed twenty-five instructions, many of which were given. Other instructions were given which had been given at the former trial without objection, and no question was raised on instructions on the former appeal. They thus became accepted as the law of the case. Some of those instructions which had been given at the former trial without objection were given at the last trial. For example, instructions six and seven, which are attacked by appellants as incorrect and inconsistent, were given at the former trial without objection. Instruction six is a comprehensive, general instruction, defining proximate cause, and seems to be correct; but at any rate it became the law of the case by being unexcepted to at the former trial. Neither were these instructions brought to the attention of the trial judge after the last trial until the argument of their motion for a new trial.

Instruction seven is an instruction presenting the theory of appellants as to the interposition of some new and independent cause. When read together, we can see nothing objectionable nor inconsistent in the two instructions.

Many of the instructions requested by appellants were given in substantially the same form as requested. On the whole, we think the instructions of the court correctly stated the law and the theories of both parties under our former decision.

Some of the instructions are complained of as constituting unlawful comment upon the evidence. Some of them do contain recitals of undisputed facts, which is not an unlawful comment upon the evidence. *White v. Jansen,* 81 Wash. 435, 142 Pac. 1140; *Blair v. Calhoun,* 87 Wash. 154, 151 Pac. 259; *Smith v.*

*Spokane,* 103 Wash. 314, 174 Pac. 2; *Stanhope v. Strang,* 140 Wash. 693, 250 Pac. 351.

■ An examination of the instructions as a whole discloses that none of them were incomplete in the sense that they did not in each instance state the theory of appellants where the theory was stated in other instructions. It is not necessary that each instruction contain a complete exposition of the law applying to the point in controversy. *Stanhope v. Strang, supra.*

We find no instruction that was argumentative in the sense that it unduly emphasized any fact or facts in the case.

To analyze each and all of the instructions and requested instructions as argued by appellant would greatly and unduly extend the length of a proper opinion in this case. We consider that all issues were adequately covered by the instructions.

We see no prejudicial error, and the judgment is affirmed.

MITCHELL, STEINERT, and BLAKE, JJ., concur.

BEALS, C. J. (concurring)—On the former hearing of this case, I was of the opinion that it should be held, as matter of law, that Mr. Thornton was guilty of such contributory negligence as barred his recovery. That question having been by this court determined contrary to my view, under the doctrine of *stare decisis* I do not again dissent upon the ground mentioned. Upon the other questions presented, I concur in the foregoing opinion.