[No. 24970. Department Two. January 25, 1935.]

JULIA O'CONNELL, *Personally and as Administratrix, Appellant,* v. HOME OIL COMPANY *et al., Respondents.*[1]

[1]Reported in 40 P. (2d) 991.

*Padden & Moriarty* and *Earl F. Requa,* for appellant.

*Whittemore & Truscott* and *Arthur L. Haugan,* for respondents.

STEINERT, J.—This is an action to recover damages for death resulting from a collision between two motor vehicles. The jury returned a verdict for defendants. Motion for new trial was denied, and judgment for defendants was entered upon the verdict. Plaintiff has appealed.

A brief statement of the case will suffice for the presentation of the questions here involved.

Fauntleroy boulevard, in Seattle, runs north and south, and is crossed at right angles by west Brandon street. In this vicinity, Fauntleroy boulevard is fifty-four feet wide, the easterly portion of eighteen feet being paved, the westerly portion of thirty-six feet being a dirt roadway with a gravelled surface.

On February 20, 1932, at about 3:30 p. m., Jerry O'Connell was driving a Chevrolet automobile north along the easterly, or paved, side of Fauntleroy boulevard toward west Brandon street. A large oil truck, owned by respondent Home Oil Company and driven by Joseph Porcella, an officer of the company, was

proceeding south along the paved section of the boulevard toward west Brandon street. It was raining and sleeting at the time, and the pavement was wet. At a point approximately fifty feet north of the intersection, the two vehicles collided, Mr. O'Connell receiving severe injuries resulting in his death. This action was instituted by his widow as administratrix and as surviving spouse for her own benefit and for the benefit of their minor son.

The issues presented by the pleadings were negligence in the operation of the truck and violation of the last clear chance rule, charged against the respondents, and contributory negligence charged against the decedent.

The evidence as to how the accident occurred and who was to blame for it was in direct and serious conflict. Respondents' evidence was to the effect that the dirt section of the boulevard was too soft to accommodate the truck on account of its weight; that it was, therefore, traveling along the extreme right of the paved section; that both north-bound and south-bound traffic customarily used the pavement; that the speed of the truck was about twenty miles per hour; that the Chevrolet car approached and crossed west Brandon street at a speed of about forty miles per hour; that the Chevrolet ran into the curb at the northeast corner of the intersection and into a grating or sewer basin next to the curb, causing it to lurch forward and swerve diagonally across the pavement and in front of the truck; and that the driver of the truck at once applied his brakes, but was unable to avoid the collision.

The evidence of the appellant was to the effect that the Chevrolet car was proceeding north, straight along Fauntleroy boulevard, toward west Brandon street, about a foot and a half from the east curb, and at

a speed of about twenty or twenty-five miles per hour; that the truck was approaching from the north and was traveling along the middle of the paved portion of the boulevard at a speed of about twenty-five miles per hour; that, when the Chevrolet car crossed the intersection, it slowed down to about ten miles per hour and drew over toward the east curb in order to pass the truck; that, in doing so, it scraped the curb but did not strike it in such a way as to cause it to swerve from its path; that the Chevrolet did not pass over the grating in the street at all; that the truck came straight on without changing its course or reducing its speed and ran directly into the Chevrolet, causing the injuries complained of.

There are eleven assignments of error, all but one of them being based on instructions given, or else refused. The court gave twenty-eight instructions, covering fifteen typewritten pages. Thirteen of the instructions were those requested by appellant.

■ The first and principal assignment of error is based upon the giving of instruction No. 6. That instruction, after correctly defining contributory negligence, concludes as follows:

"If the deceased was guilty of contributory negligence, plaintiff [appellant] here cannot recover, even though you should believe that the defendant [respondent] driver was guilty of negligence as charged. The burden of proving contributory negligence rests upon the defendants [respondents.]"

In its preliminary statement of the case and the issues, the court had advised the jury that appellant alleged in her complaint that respondents were negligent in various respects, including that of failure on the part of the truck driver to exercise reasonable care to avoid the collision, when he saw, or by the exercise of reasonable care should have seen, that a ·

collision was imminent. At the request of appellant, the court later gave instruction No. 17, embodying the last clear chance rule.

It is now appellant's contention that instructions No. 6 and 17 are in direct conflict and irreconcilable, and that the giving of instruction No. 6 was prejudicially erroneous.

We may concede that instruction No. 6, although a usual one given on contributory negligence, is, by reason of the last clear chance issue, in a sense technically inconsistent with instruction No. 17. But we do not concede, nor do we think, that it was prejudicially erroneous. It is not necessary that each instruction contain a complete exposition of the law applying to the point in controversy. *Thornton v. Eneroth, ante* p. 250, 39 P. (2d) 379; *Comstock v. Morse,* 107 Cal. App. 71, 290 Pac. 108. Instructions are to be read and accepted as a whole, and no one particular instruction is to be selected and undue emphasis placed thereon.

It is the settled rule in this state that, although detached statements or expressions of the court in its charge to the jury may be technically erroneous, yet if the instructions as a whole fairly state the law, there is no prejudicial error. *Cheichi v. Northern Pacific R. Co.,* 66 Wash. 36, 118 Pac. 916; *Wiles v. Northern Pacific R. Co.,* 66 Wash. 337, 119 Pac. 810; *Fichtenberg v. Lincoln County,* 150 Wash. 459, 273 Pac. 178. In the last case cited, we said:

"It is also assigned as error that the court, in instruction number 15, spoke of the liability of a county if it failed to exercise reasonable care and diligence in keeping its highways in reasonably safe condition for travel, the argument being that the instruction makes the county liable without any reference to the contributory negligence of the respondent.

"It is another case of picking out a single instruc-

tion for the purpose of criticism. In other instructions the jury had been fully advised on the subject of contributory negligence and the effect of it, if found by a fair preponderance of the evidence.

"It is well settled that instructions, from the viewpoint of the jury, are to be considered altogether, or that each is to be considered in the light of all others; and in this case the jury was specifically told,

" 'These instructions are given by the court as a whole and are so to be considered by the jury. Each and every instruction is to be considered by you in connection with all the other instructions.' "

In the case at bar, the jury was specifically told by the court in its instruction No. 2 that,

"You shall consider the instructions as a whole, and not pick out any particular instruction and place undue emphasis on such instruction."

This is not a case where two inconsistent rules of law are given upon a single and distinct issue of fact, thereby confusing the jury as to which rule it should follow. There are here two separate issues, one resting upon the contributory negligence of the deceased, and the other upon the negligence of the truck driver in failing to avail himself of the last clear chance. Counsel had, in their argument, full opportunity to explain the effect of these two instructions, and we doubt not that they took full advantage of the opportunity. As reasonable men and women, the jury, we think, must have understood what the court meant, namely, that contributory negligence would defeat recovery by appellant, unless the respondent truck driver failed to exercise the care required by the last clear chance rule. If the jury discerned at all the shadowy discrepancy between the two instructions, it must, likewise, have discerned their proper application to the facts as found by it from the evidence. We do not regard the error, if it be considered such, as ground for reversal.

The second assignment of error relates to instruction No. 7, which reads thus:

"You are instructed that if, after full consideration of all the evidence, you believe that the collision complained of was due to accident, which under all the circumstances was unavoidable, then there can be no recovery in this action and your verdict must be for the defendants."

Appellant excepted to this instruction upon the ground that it was not within the issues, that it was not borne out by the testimony, and that there was no evidence that it was an accident.

It is true that the answer did not raise that particular issue by way of affirmative defense. It is also true that each party insisted throughout the trial that the other was negligent. But it is likewise true that each of the parties asserted and emphasized his or their own freedom from negligence. The evidence, when sifted by the jury according to its view of the credibility, was reasonably subject to the inference that the accident was an unavoidable one. The jury may have believed that each of the vehicles was properly on its own side of the road just before the collision, and that each was traveling at a lawful rate of speed. It may also have believed that the pavement was wet and slippery, and that, when the Chevrolet car ran over the grating or sewer basin and struck the curb, its front wheels were suddenly, and without fault on the part of its driver, deflected from their course, causing the automobile to swerve over to the left and in front of the truck. In other words, the jury may have believed that neither party was negligent, and that the collision occurred by reason of circumstances over which neither had control or could reasonably guard against.

If the proof develops an issue that is not pleaded,

the pleadings will be deemed to be amended to conform to the proof. Where there is evidence to support an issue of unavoidable accident, an instruction thereon is proper. *Walker v. Butterworth,* 122 Wash. 412, 210 Pac. 813; *Niosi v. Empire Steam Laundry,* 117 Cal. 257, 49 Pac. 185; *Suttle v. Texas Electric Ry.,* 272 S. W. (Tex. Civ. App.) 256. There was no error in giving the instruction on unavoidable accident.

■ The third assignment of error is upon the court's refusal to give an instruction relative to the duty of a driver to keep a reasonably careful lookout ahead. There was no place for this instruction, because the truck driver admitted that he saw the Chevrolet car approaching a block and a half ahead of him. *McClanahan v. Fisher,* 158 Wash. 114, 290 Pac. 864.

The fourth assignment of error is based on an instruction given by the court to the effect that, if the jury found that both north-bound and south-bound traffic used the paved portion of Fauntleroy boulevard, then both the truck driver and the deceased had equal right to travel on such paved portion, and that it was the duty of meeting drivers seasonably to turn their vehicles to the right of the center of the paved portion. The exception to this instruction was that it took from the jury the question of the duty of the truck driver to drive upon the dirt road, under the existing circumstances, and gave him the right to drive on the pavement at all times. We do not think that the instruction is justly subject to this criticism. The instruction made the right of the truck driver conditional upon the accustomed use of the paved portion of the road by south-bound traffic, and submitted that question to the jury as one of fact.

■ The thought embodied in appellant's exception may very properly have supported a correlative

instruction regarding the accustomed or required use of the dirt portion of the street by south-bound traffic. But the duty of requesting such instruction lay upon appellant. *Brammer v. Lappenbusch,* 176 Wash. 625, 30 P. (2d) 947.

The fifth assignment of error goes to the admission in evidence of a map bearing a printed notation thereon which read "Thin sprinkling of pea gravel." The map shows a number of other similar markings. Objection was made to the introduction of the exhibit solely because of the markings thereon. The court admitted the exhibit "with the exception as indicated by counsel." Had counsel desired to have the markings obliterated, it clearly would have been done under the court's ruling. No such request, however, was made. There is, therefore, no merit in this assignment.

The sixth assignment of error relates to an instruction founded upon state law and city ordinance requiring every motor vehicle to be equipped with a bell, horn or signalling device, which shall be rung or blown as a signal or warning whenever there is danger of collision or accident. The instruction was very probably uncalled for, because each of the parties saw the other, and the sounding of a warning could in no way have prevented the accident. The instruction, however, was a mere general statement of the law, did not submit any specific issue of fact thereon to the jury, and could not have prejudiced the jury one way or another.

The seventh assignment of error grows out of these circumstances: The truck driver had made a statement at police headquarters concerning the accident. When cross-examined thereon, he stated that he could not read or write, and that the statement had not been read to him after its dictation to the police.

Upon pressure by counsel, he admitted that, at the time of his admission to citizenship, he had testified that he could read and write. Counsel then asked the witness this question: "Do you know that it is one of the requirements of citizenship that you should read and write?" The witness answered, "Yes." The court instructed the jury that, under the laws of the United States, there is no requirement that an applicant for naturalization should be able to read and write the English language.

Counsel does not contend that the instruction was an incorrect statement of the law, but merely contends that it took away the force of his argument concerning the credibility of the witness. If the instruction be a correct statement of the law, we think that the jury was entitled to know it, in view of the character of the cross-examination. Nor was counsel deprived thereby of any legitimate argument concerning the credibility of the witness. The jury had all the facts before it, and counsel was privileged to make the most of the situation.

The eighth assignment of error is based upon the refusal of the court to give an instruction to the effect that, if at the time in question the Chevrolet car was proceeding upon its right side of the pavement and in a position where it had a right to be, then the burden was imposed on respondents to show that the collision was not due to negligence of the driver of the truck. Although the court did not use the exact language contained in the requested instruction, it did, in very full and complete language, contained in its instruction No. 14, cover the same point. The court was not required to express itself in the language requested. *Lindsey v. Elkins,* 154 Wash. 588, 283 Pac. 447.

The ninth and tenth assignments relate to the

giving of an instruction based upon a state statute, and the refusal to give another based upon a city ordinance, both of them relating to speed. Conceding, for the sake of argument, that the requested instruction was the preferable one, the question is immaterial here, for, under the evidence, the speed of the truck, to which the particular instruction and the requested instruction were directed, did not exceed that provided in the ordinance as a maximum speed. In any event, there was no evidence on which negligence by reason of speed in excess of a specified rate could be predicated. Appellant was not prejudiced either by the giving of the court's instruction or by the refusal to give the requested instruction.

The appellant's final assignment of error relates to an instruction to the effect that the violation of positive law, whether state law or city ordinance, was negligence *per se,* but would give rise to liability only if it were the proximate cause of the collision and in the absence of contributory negligence on the part of the other party. The exception to the instruction was that there was eliminated therefrom the element of last clear chance. This assignment does not call for any discussion additional to that already had upon the same question under a previous assignment.

The judgment is affirmed.

BEALS, HOLCOMB, and BLAKE, JJ., concur.