THOMPSON et al. v. GALION IRON WORKS & MFG. CO.

No. 33308.   Feb. 8, 1949.

Rehearing Denied March 1, 1949.

*203 P. 2d 438.*

E. G. Nahler, of St. Louis, Mo., Satterfield & Franklin, of Oklahoma City, and Kelly Brown, of Muskogee, for plaintiffs in error.

Joseph C. Stone and Charles A. Moon, both of Muskogee, for defendant in error.

O'NEAL, J.  This is an action commenced by Galion Iron Works and

Manufacturing Company versus Frank A. Thompson and J. M. Kurn, Trustees for St. Louis & San Francisco Railway Company, to recover damages for destruction of a motor-driven road grader. Issues were joined and trial had to a jury, resulting in a verdict for defendants. A new trial was granted and defendants appealed to this court, where the order granting a new trial was affirmed. 198 Okla. 21, 174 P. 2d 256.

On the second trial verdict and judgment were for plaintiff, and defendants appeal.

On and prior to November 11, 1942, plaintiff was the owner of a motor-driven hydraulic-control road grader which it had leased to Muskogee county. On the above date said grader was being operated by Norman A. Brazil, an employee of Muskogee county, on a county highway known as Beland Highway, at a place where the highway crosses the railroad tracks of the St. Louis & San Francisco Railway Company near the town of Beland.

Brazil was driving the grader in a northern direction, and in crossing the railroad track the engine or motor of the grader became stalled and the grader stopped on the railroad track. The passenger train approaching from the west struck and damaged said grader, and the plaintiff asks damage therefor in the sum of $2,999.

Plaintiff alleged that the defendants' negligence was the cause of the damage to plaintiff's grader in that the crossing at the highway was rough and unkept; that the dirt and gravel on the railroad right of way had washed away so that the crossties and rails were exposed and extended above the level of the adjoining ground, and that by reason of the rough and unkept condition of said crossing the grader was caused to stall on the railroad track and that said condition had existed for more than 90 days; that defendants' agents, servants, and employees in the operation of said train were negligent in

that they failed to keep a proper lookout ahead as they approached said crossing; that, although said railroad track extended in a straight line and direct for a distance of about three-fourths of a mile on each side of said highway crossing, and at that place was on level ground, and the weather at the time was clear and bright so that the engineer in charge of the operation of the train, in approaching said crossing, had a clear and unobstructed view of the crossing for at least one mile before reaching same, if the engineer and fireman on said train did not see the stalled grader on the crossing in time to stop the train and avoid a collision, it was because they negligently and carelessly failed to keep a proper lookout ahead, or if they saw said stalled grader on said crossing in time to stop the train and avoid a collision, they negligently failed to slow the speed of said train and carelessly and negligently continued to run the same at a high and excessive rate of speed into and against said grader; that the train was behind schedule and the engineer was attempting to make up lost time and was operating said train at a fast and excessive rate of speed and in a dangerous manner.

Defendants answered by general denial and alleged that the damage to the grader was caused by the negligence of Brazil, the operator thereof who was acting as the agent and employee of the plaintiff, and affirmatively alleged the defense of contributory negligence.

Trial before a jury resulted in a verdict and judgment for the plaintiff, and defendants appeal.

It is first contended that the court erred in giving six almost identical instructions to the effect that, if the jury should find negligence on the part of the driver of the grader, such negligence would not relieve defendants of liability if they were also guilty of negligence. The uncontradicted evidence is that the grader had been leased by

plaintiff to the board of county commissioners of Muskogee county, and that Brazil, the driver of the grader, was at the time an employee of the county and was not the employee, servant, or agent of plaintiff and was not otherwise under the direction or control of plaintiff.

The court by instruction No. 8 instructed that if the jury should find from the evidence that the plaintiff had sustained substantial damages and the same occurred as a result of the negligent acts of the defendants' engineer in the operation of the train and from the negligent acts of Brazil, and that all said causes commingled and were the efficient cause of the damages, then all of the persons whose acts contributed to the damage were liable therefor and that plaintiff could elect to sue either or both, and that the acts of one furnished no excuse or legal defense for the acts of the other and furnished no ground for the reduction of the amount recoverable for the damage sustained, and that if the jury should so find the verdict should be for plaintiff for the amount of its damage, not to exceed the sum of $2,999.

Defendants excepted to said instruction but do not here contend that it does not correctly state the law. But the court, in instructions Nos. 9, 10, 11, and 12, and each of them, in somewhat different language, instructed the jury to the same effect. Defendants assert that this was needless repetition of the same subject matter and was prejudicial to defendants in that it tended to mislead the jury and indicated a decided favoritism of the court for a verdict for plaintiff.

Courts generally hold that the constant repetition of propositions of law tends to confuse the jury and should be avoided. Robbins et al. v. Fuget, 189 Ind. 165, 126 N.E. 321; Stanhope v. Strang, 140 Wash. 693, 250 P. 351.

Ordinarily, repetition in instructions of itself is not reversible error unless it clearly appears to have misled the jury. Lawder v. Henderson (Kan.) 14 P. 164. In this connection it may be noted that the trial court, in instructions Nos. 15, 16, and 18, three times instructed the jury with reference to the duty of defendant railroad company as to the construction and maintenance of highway crossings, and in instruction No. 17 instructed that highways or section lines within Muskogee county are legally three rods or 49½ feet in width. This was in effect telling the jury that it was the duty of the defendants to construct and maintain highway crossings in Muskogee county the full width of the highway right of way without regard to the width of the graded, hard surfaced, or main traveled part of such highway. This is at least confusing in view of the meager evidence of any defect in the crossing in the hard surfaced or gravelled part of the highway. Especially on retrial, unnecessary repetition in instructions should be avoided.

Defendants further contend that the court erred in refusing a requested instruction presented by them to the effect that if the jury should find from the evidence that the damage to the grader was caused solely by the negligence of the driver, Brazil, the verdict should be for defendants.

The trial court did by instruction No. 8 call attention of the jury to defendants' claim that the acts of Brazil were negligent, and that his negligent acts were the sole proximate cause of the damage to plaintiff's grader, but nowhere did the court tell the jury that if the jury should find from a preponderance of the evidence that the damage to plaintiff's grader was caused solely by the negligent acts of the driver, Brazil, the verdict should be for defendants. Defendants pleaded this defense although they added allegations that Brazil was at the time the agent, servant, and employee of the plaintiff.

There is some evidence tending to show that Brazil in driving the grader across the railroad tracks attempted

to cross, not on the improved or graded lane of the highway and over the improved part of the crossing, but outside and to the west thereof, and in doing so ran the front wheels of the grader against the exposed rails of the railroad track and thereby stalled the grader and was unable to get the motor started again in time to get across the railroad track.

Without going into detail, the record shows that there is evidence tending to prove that under existing conditions the engineer could and should have seen the grader standing on the crossing for a distance sufficient for him to have stopped the train in time to avoid the collision. There is also expert evidence to the contrary, so the evidence on that question is in conflict. There is also evidence tending to prove that the engineer did in fact see and observe the grader on the crossing while he was at a distance of some 1,300 feet away, and that the train at that time was traveling at a rate of about 45 miles per hour. And there is some expert evidence tending to prove that a train of the character of the one herein involved, traveling at the rate of 45 miles per hour, could be stopped in a distance of 750 or 800 feet. There is also direct conflict in the evidence on that question, expert witnesses for defendants testifying to the effect that it would take at least twice that distance, or from 1,300 to 1,600 feet, to stop such a train going at such rate of speed. There is also conflicting evidence on the question of negligence on the part of the engineer and fireman having failed to keep a proper outlook so as to discover the grader on the crossing in time to avoid a collision. There is also evidence, though in conflict, tending to establish negligence on the part of the defendants under the "last clear chance" doctrine. There is no evidence whatever tending to show a defect in the railroad crossing on that part of the traveled highway which had been graded and gravelled for a width of about 20 feet.

It thus appears that there is conflict in the evidence on at least two questions of alleged negligence on the part of the defendants, so the jury might well have failed to find negligence on the part of defendants and might well have found negligence on the part of Brazil as a sole cause of the damage to the grader.

It is well settled that:

"In a case tried to a jury, where the evidence tends to support the same, it is the duty of the court to submit by appropriate instructions the theory of the defense; and failure so to do, at the request of defendant, constitutes prejudicial error." Atchison, T. & S. F. Ry. Co. v. Jamison, 46 Okla. 609, 149 P. 195.

In Oklahoma Ry. Co. v. Christenson, 47 Okla. 132, 148 P. 94, it was held:

"The instructions of the court should be based upon the issues as made by the pleadings and the evidence, and should present the respective theories of the parties in accordance with the testimony offered in support thereof." Menten v. Richards et al., 54 Okla. 418, 153 P. 1177; St. Louis & S. F. Ry. Co. v. Floyd, Adm'x, 146 Okla. 42, 293 P. 250; Atchison, T. & S. F. Ry. Co. v. Ridley, 119 Okla. 138, 249 P. 289; Johnson v. Harris, 166 Okla. 23, 25 P. 2d 1072; Dunlap & Taylor v. Flowers, 21 Okla. 600, 96 P. 643; Spurrier Lumber Co. v. Dodson, 30 Okla. 412, 120 P. 934. In the latter case it was held:

"It is the duty of the court to submit to the jury and give instructions thereon any issue, theory, or defense which the evidence tends to support. This right is not affected by the fact that there is countervailing testimony."

Plaintiff asserts that there was no error in refusing the requested instructions and each of them for the reason that all the requested instructions required some correction or modification. This may be technically correct, but the requested instructions were sufficient to call the attention of the court to the theory of defendants there relied upon. The court recognized the existence of such a theory but declined

to present it to the jury. It is the duty of the court to present the issues and theory of both parties where they are properly pleaded and are supported by evidence, without a demand or request by either party. The fact that one party may couple with his request a statement of law which is not justified does not relieve the court of his duty in the premises.

For failure of the court to properly present the theory of defendants which is supported by evidence, the judgment is reversed and the cause is remanded, with instructions to grant defendants a new trial.

ARNOLD, V.C.J., and WELCH, CORN, GIBSON, LUTTRELL, HALLEY, and JOHNSON, JJ., concur.

