**MISSOURI–KANSAS–TEXAS RAILROAD COMPANY, a corporation, Plaintiff in Error,**

v.

**Darla EDWARDS, Defendant in Error.**

**No. 38940.**

Supreme Court of Oklahoma.

Feb. 28, 1961.

Rehearing Denied April 11, 1961.

Doerner, Stuart, Moreland, Campbell & Saunders, Tulsa, and William A. Thie, Denison, Tex., for plaintiff in error.

Rucker, Tabor, Best, Sharp and Shepherd, O. H. (Pat) O'Neal, Tulsa, for defendant in error.

BERRY, Justice.

In this action, defendant in error, Darla Edwards, hereafter referred to as "plaintiff", seeks to recover damages from plaintiff in error, Missouri-Kansas-Texas Railroad Company, hereafter referred to as "Katy", for personal injuries sustained when an automobile which she owned and operated was struck by one of Katy's trains at a point where Sheridan Road crosses Katy's railroad tracks in the east portion of Tulsa, Oklahoma. She also seeks to recover damages to her automobile which was demolished as a result of said collision.

Plaintiff alleged in substance in her petition that the collision was the direct result and proximate cause of Katy's negligence and that of its engineer, Ernest Durbin, who was a defendant below, in that (1) Katy and its engineer operated the train at a speed at from 35 to 40 miles per hour in violation of an ordinance of the City of Tulsa relating to the speed of trains traveling within the corporate limits of said city; that (2) said engineer failed to sound a timely warning upon the train's approaching the crossing, and that (3) Katy failed to install adequate warning devices (equipment in addition to that contemplated by 66 O.S.1951 § 124), at the crossing which was unusually dangerous.

There was competent evidence sustaining each of the alleged acts of negligence. The jury, however, returned a verdict in favor of the engineer but against Katy. Judgment was subsequently entered on the verdict in favor of plaintiff and against Katy. From order of the trial court denying Katy's motion for new trial, Katy perfected this appeal.

Katy contends that negligence relative to excessive speed and failure to sound a timely warning is primarily attributable to the engineer and not to Katy; that Katy's liability as the engineer's principal is secondary and wholly contingent upon the engineer being found liable; that since the jury exonerated the engineer in said particulars, its actions served to exonerate Katy. Katy cites Chicago, R. I. & P. Ry. Co. v. Reinhart et al., 61 Okl. 72, 160 P. 51, and other cases in support of said contention. Katy contends further that the evidence fails to show that the matter of its failure to install adequate warning devices at the crossing was the proximate cause of the collision and for said reason asserts that negligence on its part in said particular did not render it liable to plaintiff.

Plaintiff counters with argument to the effect that in operating the train in excess of the maximum speed fixed by ordinance, the engineer followed Katy's directions; that for said reason Katy's negligence in said particular concurred with that of the engineer and recovery against Katy does not therefore rest upon the doctrine of respondeat superior. Plaintiff contends further that the evidence shows that Katy's failure to install warning equipment at the crossing was in fact the proximate cause of the collision.

Katy alone was responsible for the safe condition of the crossing, and if the jury were warranted in finding that the condition of the crossing was in fact the proximate cause of the collision, which we believe to be the case, it is only necessary to consider the issue relating to proximate cause.

Plaintiff testified that she was familiar with the crossing; that she approached the crossing from the south at a speed of approximately 30 miles per hour; that she knew that the crossing was rough and for said reason she would shift to a lower gear in order to travel slowly over the

crossing; that she decreased the speed of her automobile and was driving at a speed of approximately 15 miles per hour at a point where she could have seen a train approaching from her left (northwest) which point was approximately 97 feet from the crossing; that at said point she looked first to the left and then to the right and then to the left; that upon looking to her left the second time she saw the train and applied the brakes to the automobile; that she remembered nothing after applying the brakes.

At the time the accident occurred, the paving was wet. The evidence shows that when the brakes of the automobile were applied, its wheels locked and the automobile turned at an angle, skidded and slid to a stop on the track immediately before the collision occurred.

There was a curve in the tracks at a point approximately 300 to 400 feet northwest of the crossing and it was possible for plaintiff to have seen the train at said point. Katy contends that the evidence shows that plaintiff in fact saw the train at said point. Evidence was introduced to the effect that if plaintiff's automobile were in fact traveling 15 miles per hour as it approached the crossing, it, under existing conditions, could have been braked to a stop in approximately 45 feet. Katy argues that plaintiff's "own testimony shows that she saw the train in ample time to stop before reaching the tracks. It must follow that any negligence of defendants in failing to provide warning devices could not have been the proximate cause of the accident."

■ Plaintiff testified that upon seeing the approaching train "I slammed on my brakes." She was asked: "You can't fix the distance west of the crossing where the train was when you first saw it?" To this question she answered: "No sir, I can't, it was too quick." She testified further that she could not state the number of feet that her automobile was from the crossing when she first saw the train. In view of plaintiff's testimony we are unable to agree with Katy's contention to the effect that plaintiff's testimony shows that plaintiff saw the train in ample time to have braked her automobile to a stop before it reached the crossing.

In support of Katy's contention to the effect that failure on its part to install adequate warning devices at the crossing was not the proximate cause of the collision, Katy cites a number of cases. Of the cases cited Katy stresses Billy v. Texas, O. & E. R. Co., Okl., 263 P.2d 187.

The evidence in the Billy case clearly showed that Billy saw the train which collided with his automobile in time for him to stop same before it reached the railroad tracks provided that the brakes on the automobile had been adequate; that his failure to stop the automobile before it reached the tracks was attributable solely to the brakes on the automobile being defective. In the instant case it is not claimed that the accident was attributable to any defect in the automobile. To the contrary, Katy contends that the collision is attributable to plaintiff's action in not braking her automobile to a stop before it reached the crossing. We are, therefore, of the opinion that the Billy case is not in point.

To our way of thinking, the matter of whether plaintiff saw the train in time to brake her automobile to a stop before it reached the crossing was a question of fact for the jury.

■ We are of the opinion that under the facts of this case, the matter of whether Katy's negligence or plaintiff's alleged contributory negligence was the proximate cause of the collision was a question of fact for the jury. The jury having resolved said question favorably to plaintiff under proper instructions, we are not at liberty to reverse the judgment entered on the verdict. See Kurn et al. v. Maxwell, 194 Okl. 336, 151 P.2d 386, and cases cited following ■ Negligence, Vol. II, Okl. Dig.

The evidence shows that as a result of the collision, plaintiff sustained painful and serious injuries. The evidence also shows

that her automobile was demolished. It is not claimed that the verdict is excessive.

Affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, HALLEY, JOHNSON, and IRWIN, JJ., concur.

JACKSON, J., concurs in result.