**Shelby STORY and Neva Story,
Appellees,**

v.

**McCURTAIN MEMORIAL MEDICAL
MANAGEMENT, INC., Appellant.**

**No. 54419.**

Court of Appeals of Oklahoma,
Division No. 1.

Sept. 1, 1981.

Released for Publication by Order of
Court of Appeals Oct. 2, 1981.

Gerald C. Dennis, James T. Branam, Antlers, for appellees.

Austin R. Deaton, Jr., Ada, for appellant.

WILSON, Judge:

McCurtain Memorial Medical Management, Inc., which operates the hospital at Idabel, Oklahoma, appeals from a judgment on jury verdicts of $96,289.33 for the wrongful death of a baby of Shelby and Neva Story and $51,072.50 for personal injuries to Mrs. Story.

Neva Story entered the hospital to deliver twin babies. Her physician, Dr. Rhea, telephoned orders that she was to have an enema, a shower and two cc's of penicillin. Nurse Payne gave Mrs. Story the enema and placed her on the commode, then turned on the shower and left to get the penicillin. Mrs. Story started into the shower but finding it too hot, jerked back, whereupon she felt a baby coming. She tried to catch it but to no avail; the baby fell to the floor, landing on its head. On hearing the baby cry out, Mrs. Story called out for help, but no one came until about five minutes later. Although the other twin was born healthy, the baby that fell died.

Mr. and Mrs. Story brought suit against Dr. Rhea, Nurse Payne and the hospital, seeking damages for the baby's wrongful death and also for personal injury to Mrs. Story who had fallen and hit her back on the commode during the shower episode. The case was dismissed as to Dr. Rhea immediately before trial. The jury found in favor of Nurse Payne on both causes of action, but returned the challenged verdict as to the hospital.

Appellant hospital's first argument is that since the jury exonerated employee Nurse Payne from negligence, the hospital as an employer cannot be held liable.

This would be a good argument if the cause of action was predicated solely on the rule of *respondeat superior* which would operate to attribute the nurse's alleged negligence to the hospital. In this case, however, the Storys' First Amended Petition makes specific allegations as to the hospital, such as a failure to provide non-slip material or other safeguards in the shower room, a failure to provide sufficient employees to supervise patients, and a failure to provide adequate drainage to prevent water from running out on the floor. In addition, there was evidence that other hospital employees were involved in Mrs. Story's activities prior to the fall. Registered Nurse Ellen Powers, for instance, was with Mrs. Story when Nurse Payne went to get the penicillin.

Under these allegations of negligence and this evidence, there was no error in the jury's imposition of liability on the hospital itself, apart from Nurse Payne's actions. *Missouri-Kansas-Texas R. Co. v. Edwards*, 361 P.2d 285 (Okl.1961); *Great Atlantic & Pacific Tea Co. v. Mullen*, 301 P.2d 217 (Okl.1956).

■ Appellant hospital further argues that the trial court should have sustained its demurrer to plaintiffs' evidence. This argument is premised on a contention that the Storys failed to produce expert testimony to support a prima facie case of negligence as required in malpractice cases. We find this contention is not well founded.

Dr. Rhea, called as a witness for the Storys after the suit against him was dismissed, testified that patients in Neva Story's condition in the labor room should be constantly monitored. Dr. Kendrick specifically testified that such a patient should not be left in a shower unattended and further stated that it is not a routine practice to leave such a patient alone unless the staff stays within calling distance. Dr. Bellamy testified that he saw no reason to leave a patient in a shower at all, much less unattended.

This evidence set the standard of care applicable to a hospital in this situation. Mrs. Story's testimony plainly raised a question of whether this standard was met.

Thus, the Storys established a prima facie case and the case was properly submitted to the jury.

Next, the appellant challenges the trial court's jury instructions on the measure of damages for the loss of the Story baby.

Title 12 O.S.Supp.1975, § 1055, sets out the proper measure of damages for the wrongful death of a minor child:

> In all actions hereinafter brought to recover damages for the death of an unmarried, unemancipated minor child, the damages recoverable shall include medical and burial expense, loss of anticipated services and support, loss of companionship and love of the child, destruction of parent-child relationship and loss of monies expended by parents or guardian in support, maintenance and education of such minor child, in such amount, under all circumstances of the case, may be just.

■ Here, the trial court somewhat embellished the elements of damages allowable in instructions 7, 9, and 10, excepted to by Appellant. It would have been better to stick to the wording of the statute. Nevertheless, imperfect or repetitive instructions are not generally grounds for reversal unless they misled the jury or caused a miscarriage of justice. *Tucker v. Colorado Indoor Trap Shoot, Inc.*, 471 P.2d 912 (Okl.1970); 20 O.S.Supp.1980, § 3001.1.

In *Safeway Stores, Inc. v. Keef*, 416 P.2d 892 (Okl.1966), the Court wrote that the question of whether justice has miscarried so as to require reversal "is to be determined as much by the evidence before the jury as by the abstract accuracy of the language used or refused."

Earlier in *Skaggs v. Gypsy Oil Co.*, 169 Okl. 209, 36 P.2d 865 (1934), the Court stated the syllabus thus:

> If the theories upon which a case is tried requires the trial court to extensively instruct a jury as to the issues and the law applicable thereto, the mere fact that the court might inadvertently, in giving several instructions, restate the law or issues or theories of the litigants does not necessarily mean that the court is empha-

sizing the issues or the law favorable to either litigant. It is only in cases where the instructions and an examination of the entire record disclose an unwarranted and unncessary repetition of the law and theories in favor of one litigant, or a strained effort on the part of a trial judge to unduly emphasize issues and theories in favor of one litigant, will this court consider such instructions as a charge upon the weight of the evidence and reverse the case.

See also, Thompson v. Galion Iron Works & Mfg. Co., 201 Okl. 182, 203 P.2d 438 (1949).

This language in Davis v. National Pioneer Insurance Co., 515 P.2d 580 (Okl.App. 1973), is particularly applicable:

... [W]e think extensive treatment of the tort is justified by its complex nature. Moreover particular wording or repetition must be left to the discretion of the trial court and we should not reverse unless there is obvious prejudice to one party because of overemphasis on the case of the other shown by the instructions viewed as a whole.

█ In the case at bar, we find no abuse of discretion on the part of the trial court as regards the instructions given, nor do we find any undue emphasis therein. As they embody no incorrect statements of law, and as no prejudice is shown, we approve them as given.

Finally, the hospital asserts the verdict was excessive and resulted from passion and prejudice. The source of this prejudice, it contends, was that the trial court, over objection, allowed the Storys to introduce into evidence an 8″ × 10″ color photograph taken at the funeral service and depicting the deceased child's body in a casket. The Storys contend the photograph was offered to show that the baby's forehead was bruised and to corroborate Neva Story's testimony that the baby was born alive.

█ We have viewed the photograph and do not find it such as would arouse the passion of the jury or inflame them against the hospital, and further find that it does have probative value in connection with plaintiffs' theory of the case. In any case, the admission of photographs as an aid to the jury is a matter addressed to the sound discretion of the trial court. Booth Tank Co. v. Symes, 394 P.2d 493 (Okl.1964). We conclude the trial court here did not abuse its discretion in admitting the photograph.

█ Appellant continues its attack on the verdict as excessive since Neva Story was awarded $51,072.50 for personal injuries to her back while she only had $72.50 in actual medical expenses.

The trial court's instructions, however, did not limit the elements of damage to medical expenses but rather explained, and correctly so, the elements of damage on the personal injury cause in instructing as follows:

.... the nature and extent of her injuries, if any, whether the injuries, if any, are permanent or otherwise; the pain and suffering endured and likely to be endured in the future; and award such sums as you determine will reasonably compensate plaintiff therefore, ....

The Supreme Court in Rogers v. Worthan, 465 P.2d 431 (Okl.1970), quoting a syllabus from an earlier case said:

Where appellant seeks to set aside a verdict on the ground of its alleged excessiveness, unless it is so plainly outrageously excessive as to suggest passion, prejudice or corruption on the part of the jury, the reviewing court cannot set it aside.

The award of the jury in the present case was not "plainly outrageously excessive." The jury heard and saw the witnesses and weighed the evidence. We find no basis for upsetting the verdict that jury returned.

The judgment of the trial court is AFFIRMED.

BOX, P. J., and REYNOLDS, J., concur.