[No. 28849.   Department Two.   December 16, 1942.]

HAZEL BREWER et al., *Appellants*, v. HARRY PAUL
BERNER, JR., et al., *Respondents*.[1]

*Kennett & Benton,* for appellants.

*Shank, Belt, Rode & Cook,* for respondents.

SIMPSON, J.—Plaintiffs instituted this action to re-
cover compensation for personal injuries to Hazel
Brewer and damages to an automobile driven by her
and owned by plaintiffs, the injuries and damages

'Reported in 131 P. (2d) 940.

being sustained in collision with an automobile driven by the defendant Harry Paul Berner, Jr.

Plaintiffs allege that defendant Harry Paul Berner, Jr., employee and agent of defendant Star Machinery Co., was negligent prior to and at the time of the accident in failing to keep any lookout in the direction in which he was proceeding, to yield the right of way across an intersection, to sound any warning of his intention not to yield the right of way, in driving his car at a high and unlawful rate of speed, in turning his automobile and driving it into the car driven by plaintiff, and in failing to drive his automobile in a reasonable, careful, and prudent manner.

In their answer, defendants denied the charges of negligence and alleged that plaintiff's injuries, if any, were caused by the negligence and carelessness of plaintiff Hazel Brewer; that she was negligent in the following particulars: In entering into an arterial highway without first bringing the car which she was driving to a complete stop; in attempting to cross an arterial highway when she knew or, in the exercise of reasonable care, should have known that the car driven by the defendant Harry Paul Berner was so close that danger of a collision was imminent; in failing to keep a lookout for other traffic on the highway, particularly the car of the defendant Harry Paul Berner; in driving her car directly into the path of the automobile of the defendant Berner; in failing to slow down or stop when she was on the westerly portion of the highway when, by the exercise of ordinary care and caution, she could and should have so slowed and stopped and thereby avoided the accident; in driving in such a reckless manner as to endanger and unnecessarily inconvenience other users of the highway, particularly the defendant Harry Paul Berner, Jr.

Trial was had to the court, sitting with a jury, upon the issues presented. The verdict was for defendants. The court denied plaintiff's motion for a new trial and entered a judgment upon the verdict. Plaintiffs present this appeal.

The assignments of error are (a) in submitting the issue of contributory negligence to the jury; (b) in giving four instructions and a refusal to give four requested instructions; and (c) in refusing to grant the motion for a new trial.

For convenience, we will refer to Hazel Brewer as appellant and Harry Paul Berner, Jr., as respondent.

The evidence which the members of the jury were justified in believing is summarized as follows: The accident occurred at the intersection of the Seattle-Everett highway and Gooseneck way. The Seattle-Everett highway is a paved, arterial thoroughfare extending north and south. The paved portion is forty feet wide, being divided into four lanes by yellow lines, and there is a dirt shoulder on each side. Gooseneck way crosses the arterial highway in a north-easterly and southwesterly direction. At the point of collision, the highway is nearly level. At the time of the accident, the pavement was dry and the day bright and clear. Respondent was traveling north on the arterial highway, appellant was going in a northerly direction upon Gooseneck way. As he approached the intersection, respondent was traveling on the right side of the highway at a speed of fifty to fifty-five miles per hour. He saw appellant when she was in the middle of the highway at a time when he was about one hundred fifty feet south. At that time, she was proceeding slowly and he would have had time to pass in front of her had she maintained her rate of speed, but that she increased her speed

and that his car collided with her automobile, although he applied his brakes as soon as he realized appellant had increased her speed.

Appellant came to a stop about four or five feet from the edge of the pavement, looked to her right and saw respondent, as she says, about nine hundred feet to the south, and then proceeded across the arterial highway at about four miles per hour until she reached the center, at which place she increased her speed to ten miles per hour. The cars hit at an angle, the left front fender of respondent's car striking the right front fender of appellant's automobile, but respondent's car left skid marks on the pavement. The marks were in a straight line and extended to a point about one hundred feet south of the point of contact. After the accident, considerable dirt and gravel was found on the highway near the eastern point of its intersection with Gooseneck way.

Appellant argues that the court should have granted a new trial for the reason that the verdict was contrary to the evidence. We are satisfied, however, that there was ample evidence to submit the case to the jury upon the questions of the negligence of respondent and the contributory negligence of appellant, and that the judgment must be affirmed unless error was committed by the court during the trial.

Appellant next contends that the court committed reversible error in giving several instructions. Among others, the trial court presented to the jury instructions upon contributory negligence, sudden emergency, and the duties of the respective drivers of cars in crossing and approaching an intersection.

We have examined these instructions and considered them in relation to the evidence given at the trial. The instructions were correctly worded, and

the court was entirely justified in giving them to the jury.

■ Another instruction, which related to unavoidable accident, demands further consideration. The court instructed the jury in instruction No. 17 as follows:

"If you believe from the evidence in this case that what happened was an unavoidable accident not due to the negligence of any party, then your verdict must be for the defendants."

Appellant contends that this instruction was not supported by any evidence in the case and was therefore prejudicial.

We have defined an "unavoidable accident" as follows:

"An accident may be inevitable in that it resulted without human agency and by so-called 'act of God.' But the term 'unavoidable accident,' in a more restricted sense, means an accident that could not have been prevented by the exercise of due care on the part of the human actors involved. This court approved the giving of an instruction employing the term in this narrower sense in *Hayes v. Staples,* 129 Wash. 436, 225 Pac. 417, although, it should be noted, the circumstances in that case were quite different from those of the case at bar. So employed, 'unavoidable accident' has been defined as meaning an accident which cannot be avoided by that degree of prudence, foresight, care, and caution which the law requires of every one under the circumstances of the particular case, which is not occasioned in any degree, either remotely or directly, by the want of such care and skill as the law holds every man bound to exercise, or which occurs without fault attributable to any one. And, in this sense, it has been held to be equivalent to, or synonymous with, 'mere accident' or 'pure accident.' 1 C. J. S. 443, 444." *Jackson v. Seattle, ante* p. 505, 131 P. (2d) 172.

The general rule relative to the giving of an in-

struction on unavoidable accident is stated in 10 Blashfield, Cyclopedia of Automobile Law & Practice, 380, § 6698:

"Upon proof sufficient to make at least a *prima facie* case that the casualty in question was the result of an unavoidable accident, the court should instruct the jury upon the law under such circumstances.

"Various definitions, in instructions, of 'unavoidable accident' have been approved.

"A party is not entitled to an instruction on the theory of an unavoidable accident, in the absence of any evidence on which to base it, or upon pleadings not raising the issue, such as where both parties charge negligence in their pleadings. Also, where the accident could not have happened without negligence or contributory negligence, it is error to instruct as to an unavoidable accident."

Accord: 45 C. J. 1362; 38 Am. Jur. 1078, Negligence, § 384; *Trevillian v. Boswell,* 241 Ky. 237, 43 S. W. (2d) 715; *Wilson v. Chattin,* 335 Mo. 375, 72 S. W. (2d) 1001; *Ordeman v. Watkins,* 114 Ore. 581, 236 Pac. 483; *Miller v. Panhandle & S. F. R. Co.,* 35 S. W. (2d) (Tex. Civ. App.) 194; *Avra v. Karshner,* 32 Ohio App. 492, 168 N. E. 237; *Chaar v. McLoon,* 304 Mo. 238, 263 S. W. 174.

In the following cases, this court has held it proper to give an instruction on unavoidable accident: *Hayes v. Staples,* 129 Wash. 436, 225 Pac. 417; *Osborn v. Seattle,* 142 Wash. 25, 252 Pac. 164; *O'Connell v. Home Oil Co.,* 180 Wash. 461, 40 P. (2d) 991; *Jackson v. Seattle, supra; Hardman v. Younkers, ante* p. 483, 131 P. (2d) 177.

An examination of the cited cases discloses that in each of them facts were present relative to an unavoidable accident which would justify the jury in deciding that the accident was the result of unavoidable accident.

We hold to the view and are of the opinion that an instruction on unavoidable accident is only authorized when the evidence shows or justifies an inference that an unavoidable accident has occurred as that term has been defined. In other words, facts must be present in the case on the issue of unavoidable accident, and unless they are so present it is reversible error to give an instruction on that question.

There was no evidence that the collision between the two cars was the result of an unavoidable accident. On the contrary, the evidence presented but two questions for the jury to decide, and those questions were negligence on the part of respondent and contributory negligence on the part of appellant.

While it is true that there was some gravel and dirt on the pavement at or near the point of collision, which might under certain circumstances bring about an unavoidable accident, it was equally true that the evidence did not indicate that it caused or contributed in any way to the accident.

This conclusion is supported by the testimony of respondent, as indicated in the following excerpt from his testimony:

"Q. There was loose gravel that was coming out on the pavement at the intersection of the road, do you mean? A. Yes, that is right. Q. On Gooseneck Way? A. On Gooseneck Way, yes. There was gravel on the highway and my wheel was in that gravel. Q. Did it interfere with your stopping? A. No. I think my car stopped as quickly as possible to stop under the circumstances."

Appellant urges error in the court's refusal to give certain requested instructions. An examination of the proposed instructions discloses that they contain improper statements concerning the law or were covered by instructions given by the court. There was

no error in the refusal to give the requested instructions.

Finally, appellant contends that the court improperly refused the offer in evidence of two photographs of the scene of the accident. We find no error in the court's ruling. The pictures were taken several days after the accident and showed what appeared to be skid marks on the east side of the pavement. There was no evidence or offer of proof which would connect the marks with those made by respondent's car, nor did they in any way conform to the evidence relating to the skid marks. The question of the admission of the photographs was largely within the discretion of the trial court. *Fabbio v. Diesel Oil Sales Co.,* 1 Wn. (2d) 234, 95 P. (2d) 788.

The judgment will be reversed, with instructions to grant a new trial.

ROBINSON, C. J., BEALS, and BLAKE, JJ., concur.