[No. 33067. Department Two. March 17, 1955.]

James Gaylord, *by Charles C. Gaylord, his Guardian ad Litem, Appellant,* v. A. W. Schwartz *et al., Respondents.*[1]

*Wright & Wright,* for appellant.

*Martin & Shorts* and *Lloyd W. Bever,* for respondents.

Hamley, C. J.—James Gaylord, a thirteen-year-old boy, was riding a bicycle northbound on the raised wooden sidewalk along one side of a bridge. A. W. Schwartz, driving his truck along the bridge in the same direction, approached the bicycle from the rear. The two vehicles came into collision, and the boy sustained personal injuries. This action was brought upon his behalf against Schwartz and the latter's wife. The jury returned a verdict for defendants, and a judgment was entered dismissing the action. Plaintiff appeals.

The only question before us on this appeal is whether the trial court erred in giving an instruction on unavoidable accident. Appellant makes no objection as to the form of the instruction. He argues, however, that the giving of this instruction constituted prejudicial error, because there

[1] Reported in 281 P. (2d) 247.

was no evidence in the case to support any finding by the jury that the accident was unavoidable.

■ Appellant is correct in asserting that an instruction on unavoidable accident is authorized only when the evidence shows or justifies an inference that an unavoidable accident has occurred, as that term has been defined. See *Brewer v. Berner,* 15 Wn. (2d) 644, 131 P. (2d) 940.

Appellant also contends that the *Brewer* case stands for the proposition that an unavoidable accident has not occurred unless it was caused by some agency outside of the parties themselves, such as an unexpected condition or an unpreventable mechanical failure.

We need not pass upon this question, since the instruction given, which was not excepted to as to form, does not so limit the definition of unavoidable accident. The instruction in question defines unavoidable accident only as "an accident that occurred without having been proximately caused by negligence."

■ Our examination of the record leads us to the conclusion that there was evidence showing or justifying an inference that this accident occurred without having been proximately caused by negligence. In so far as the conduct of the truck driver is concerned, there was evidence that he was operating close to the center line of the twenty-two foot roadway of the bridge; that the truck did not approach nearer than one foot from the curb next to the sidewalk; and that it was physically impossible for the truck to overhang the sidewalk area.

Concerning the conduct of the boy, there were only two eyewitnesses. One of them testified that the boy appeared to be getting on his bicycle when he started to topple over as respondents' truck was passing. The other eyewitness stated that the boy appeared to topple into the side of the truck. There was no explanation by these or other witnesses as to what caused the boy to topple, assuming that this is what happened. In our view, the fact that a thirteen-year-old boy topples from his bicycle while mounting or riding it is not necessarily proof of negligence on his part.

Hence, the jury was not compelled to find that the boy was negligent.

Since there was evidence to support a finding that neither the truck driver nor the boy was negligent, it follows that it was proper for the court to give the instruction on unavoidable accident.

If we assume that the jury could not have found the boy free of negligence in toppling from his bicycle, the giving of the instruction would have been improper but not prejudicial. If the boy was not free from negligence, then his contributory negligence would preclude recovery even had the instruction on unavoidable accident not been given.

It is not necessary to consider respondents' additional contention that the giving of such instruction was not prejudicial because there was no evidence of any negligence on the part of the truck driver.

The judgment is affirmed.

MALLERY, HILL, WEAVER, and ROSELLINI, JJ., concur.