[No. 34756   Department One.   January 2, 1959.]

VERNON D. PAKKA, *Appellant*, v. VIRGINIA FITZPATRICK *et al.*, *Respondents.*[1]

*Torbenson, Thatcher & Stevenson,* for appellant.

*Miracle, Treadwell & Pruzan,* for respondents.

[1]Reported in 333 P. (2d) 917.

MALLERY, J.—This is an appeal from a judgment for the defendant Virginia Fitzpatrick in a personal injury action arising out of a motor vehicle accident.

The collision occurred in the intersection of Cloverdale street and 12th avenue south, in Seattle. Cloverdale street is a two-way, four-lane arterial running east and west. It is intersected at right angles by 12th avenue south, which is a two-lane street. Appellant was driving his three-wheeled motorcycle west on Cloverdale street in the outside lane, and respondent Virginia Fitzpatrick was driving alone in an automobile north on 12th avenue south. From the place where she stopped and looked both ways before entering Cloverdale street, her vision was obstructed by two parked buses to the extent that she could see only one-quarter to one-half block to the east. Seeing no traffic from that position, she proceeded straight across the intersection and collided with appellant's motorcycle.

The appellant assigns error to an instruction on unavoidable accident given by the trial court. An unavoidable accident is one that could not have been prevented by the exercise of due care by both parties under the circumstances prevailing. *Brewer v. Berner*, 15 Wn. (2d) 644, 131 P. (2d) 940.

The respondent relies upon *Roberts v. Leahy*, 35 Wn. (2d) 648, 214 P. (2d) 673, to support her theory of unavoidable accident for which she requested and was given an instruction thereon.

In that case, the disfavored driver looked to his right from a proper place at the entrance to the intersection, but his view was obstructed by a ridge of dirt extending across the far half of the street about halfway down the block. The dirt was in such a position that *there was no place from which he could see on-coming traffic* to his right. The rationale of that case has no application to the instant case where by simply going forward a short distance respondent could have seen past the parked buses all the way down the street to her right.

In *Hauswirth v. Pom-Arleau*, 11 Wn. (2d) 354, 119 P. (2d) 674, we said:

"We have had occasion to construe the provisions of the above statute [Rem. Rev. Stat., Vol. 7A, § 6360-90, which is now RCW 46.60.170], and also like provisions of similar statutes, and have consistently held that, in situations of the kind here involved, the person upon whom rests the duty of stopping and looking out for vehicles having the right of way must look, or stop and look, from a position where he can see approaching traffic from either direction. [Citing cases.]"

■■ It was the respondent's duty to stop and look from a place where she could see the traffic to her right. Doing this from an obscured place when an open one was available did not discharge her duty. Her theory of unavoidable accident is not available to her as a matter of law. A party is entitled to an instruction upon his theory of a case only when there is sufficient evidence to support a finding by the jury in accord therewith. See *Lidel v. Kelly*, 52 Wn. (2d) 238 324 P. (2d) 817.

■ The facts herein do not support the jury's verdict, which we must assume was predicated upon the theory of unavoidable accident in view of the instruction given. It was reversible error to give such an instruction under the facts as presented in the case. *Brewer v. Berner, supra.*

The judgment is reversed, and the cause remanded to the trial court with instructions to grant a new trial.

HILL, C. J., FINLEY, FOSTER, and HUNTER, JJ., concur.