[No. 35584. Department One. March 30, 1961.]

GRACE VAN RY, *Respondent,* v. JOHN DOE MONTGOMERY
*et al., Appellants.*
VIOLA LOWNEY, *as Guardian ad Litem for Kenneth
Lowney, a Minor, Respondent,* v. JOHN DOE
MONTGOMERY *et al., Appellants.*
GUST HEINE *et al., Respondents,* v. JOHN DOE MONTGOMERY
*et al., Appellants.**

*Splawn & Bounds,* for appellants.
*Chavelle, Millard & Springer,* for respondents.

ROSELLINI, J.—The plaintiffs in these consolidated actions
sued the defendants to recover damages for personal in-
juries which they sustained in an automobile accident,
which occurred shortly after one o'clock on the afternoon
of August 27, 1958, at a point approximately 22.2 miles
west of Cle Elum on primary state highway No. 2.

*Reported in 360 P. (2d) 573.

The point at which the accident occurred was in a construction area, so designated by appropriate markers placed at intervals along the highway west of the scene of the accident. A flagman had signalled for eastbound traffic to stop on the highway, and two automobiles preceding the defendants' automobile had stopped in response to this signal—the second one being the automobile in which the plaintiffs were passengers. A third automobile, owned by the defendant Grace Montgomery and being driven by her son, Bruce A. Montgomery, did not stop and consequently struck the rear of the automobile in which the plaintiffs were riding.

The cause was tried to a jury which returned a verdict in favor of the defendants. A motion for a new trial was granted, the court having concluded that it had erred in giving an instruction on the doctrine of unavoidable accident and in refusing the plaintiffs' requested instructions pertaining to the duty of the operator of a "following car." From this order, the defendants have appealed, contending that there was no basis for the granting of a new trial.

While the plaintiffs moved for a directed verdict in the trial court, contending that the evidence clearly showed that the accident was caused solely by the negligence of the defendant driver, they do not urge the denial of this motion as error on this appeal but confine themselves to arguments in support of the order granting a new trial. Our review will therefore be limited to a consideration of the propriety of that order.

In determining whether the court properly submitted to the jury the question of whether the accident was unavoidable, the evidence must be viewed in the light most favorable to the defendants. The most favorable evidence was the testimony of the defendants themselves. The defendant Bruce Montgomery testified that he observed that they were approaching a construction area and also observed a sign directing a reduction of speed to thirty-five miles per hour. He did so reduce his speed, and when he had proceeded further along the highway, he observed

the flagman ahead and the two automobiles which had stopped. He stated that the flagman then moved his sign in a way which he interpreted as a direction to proceed. At this point he had slowed his vehicle to twenty miles an hour. Observing the signal stop lights on the plaintiffs' car go off, he assumed that the cars would proceed and consequently did not apply his brakes. At this moment he looked off to his right and observed cement dump trucks approaching the highway in front of the cars ahead of him, and thought they were going to turn up onto the highway. His mother screamed and he applied his brakes, but too late to avoid hitting the car in front of him.

While the defendant driver testified that it "looked like" the cars ahead of him were starting to move forward, and his mother testified that she didn't think they had stopped when the collision occurred, the evidence of all other witnesses, both interested and disinterested, was that these cars had come to a stop in response to the flagman's signal and had not moved thereafter. Nevertheless, we must assume that the jury might find that, to the defendant driver, the cars in front of him seemed to be moving.

It would appear, therefore, taking the defendants' testimony as true, that this accident came about while the defendant driver's attention was diverted by dump trucks which were approaching the highway from the right and which he thought would interfere with the traffic ahead of him. At this time, he was fully aware that only a short distance ahead of him, two cars were either stopped or were moving very slowly, and he must have known that a flagman might signal him to stop at any moment. Particularly would this be likely if the dump trucks were actually going to be driven upon the highway. Had he been keeping a lookout ahead, or had he responded in the ordinary way to the threat which he supposed the dump trucks posed, he would have stopped his vehicle, instead of continuing to go forward.

An unavoidable accident is one which could not have been prevented by the exercise of due care by both

parties under the circumstances prevailing. *Pakka v. Fitz-patrick*, 53 Wn. (2d) 356, 333 P. (2d) 917.

■ It is manifest that this was an accident which could have been prevented, had due care been exercised. There was no evidence of any cause outside of the defendant driver's inattention. Consequently, the court properly determined that it had erred in giving an instruction which advised the jury that it could find, on the evidence, that the accident was unavoidable.

■ The trial court likewise was correct in deciding that it had erred in refusing to give the plaintiffs' requested instruction No. 25 pertaining to the duty of a "following car." This instruction reads:

"Where two cars are traveling in the same direction, the primary duty of avoiding a collision rests with the following driver. In the absence of an emergency or unusual conditions he is negligent if he runs into the car ahead. The following driver is not necessarily excused even in the event of an emergency, for it is his duty to keep such distance from the car ahead and maintain such observation of that car that an emergency stop may be safely made."

The instruction states the law in the precise language used by this court in the case of *Miller v. Cody*, 41 Wn. (2d) 775, 252 P. (2d) 303. It goes to the heart of the plaintiffs' case. There was ample evidence to support a finding that the defendant driver had failed to perform this duty, and the plaintiffs were entitled to have this or a similar instruction, embodying their theory of liability, submitted to the jury. That theory was not covered by any other instruction given by the court, and the trial court was correct in deciding that the refusal of the proposed instruction was prejudicial error.

Another proposed instruction, which was also refused, merely repeated the first sentence of this instruction, and it was not error to refuse it.

The order is affirmed.

FINLEY, C. J., HILL, WEAVER, and FOSTER, JJ., concur.

May 11, 1961. Petition for rehearing denied.