[No. 35847.    Department One.    April 26, 1962.]

NELLIE E. COOPER, *Appellant*, v. PAY-N-SAVE DRUGS, INC., *Respondent.**

*Kumm, Maxwell, Petersen & Lee*, for appellant.

*Guttormsen, Scholfield, Willits & Ager*, for respondent.

WEAVER, J.—Was it error for the trial court to instruct the jury on "unavoidable accident"?

Plaintiff, a customer in defendant's store, was directed to a particular section where the merchandise she wished to purchase was located. As she approached the area, she observed a portable barbecue grill on display. While selecting her purchase from the shelf, she stood next to the

*Reported in 371 P. (2d) 43.

barbecue grill and brushed against it with her left hip. Having secured her merchandise, she turned, in order to proceed to the front of the store, caught her foot on the leg of the barbecue, fell to the floor, and suffered injuries.

This action for damages is founded upon plaintiff's claim that her injuries were caused, solely and proximately, by defendant's negligence: it maintained its store in a condition dangerous to customers and invitees using the premises.

Defendant denied negligence and countered by affirmatively alleging that plaintiff's injuries

" . . . were proximately caused and/or contributed to by the negligence [contributory] of the plaintiff in failing to observe and/or avoid conditions and circumstances which were open and apparent at all times to the plaintiff and easily avoidable . . . "

Thus, the pleadings joined the issues of negligence and contributory negligence. A review of the record discloses no other issues. We note that the trial court did not give the customary instruction that " 'A party is not entitled to recover solely because there has been an accident.' " It did give, however, the "unavoidable accident" instruction.

The jury returned a unanimous verdict for defendant. Plaintiff appeals from a judgment dismissing her action with prejudice. Her assignments of error are directed to the "unavoidable accident" instruction.

Our attention has been directed to *Butigan v. Yellow Cab Co.*, 49 Cal. (2d) 652, 320 P. (2d) 500, 65 A. L. R. (2d) 1 (1958). Having recognized the validity of the unavoidable-accident instruction for more than 60 years, the California Supreme Court, reversed, by a four to three decision, a jury verdict for defendant and held that the instruction is obsolete, unnecessary, confusing, misleading; it serves no useful purpose, for it over-emphasizes the defense. The decision has been praised and criticized.[1]

A cursory examination of a number of the California

---

[1]See: The Unavoidable Accident Instruction, 33 So. Cal. L. Rev. 72 (1958); The Avoidable Decision, 33 Los Angeles Bar Bulletin 299 (1958).

decisions overruled by the *Butigan case*[2] merits the conclusion that an adequate foundation for the instruction existed in California when the jury could reasonably conclude there was simply an absence of negligence and contributory negligence; hence, the instruction was available in most actions founded in negligence.[3]

We do not believe the rule in this jurisdiction has been as broad as the California rule prior to the *Butigan* case; hence, it is not necessary that we adopt the drastic action—designated as a "parvenu thesis" in the *Butigan* dissent—of the California court.

In our search for the rule to be applied to the facts of the instant case, we believe we have reviewed most of the decisions in this jurisdiction discussing the unavoidable-accident jury instruction.[4] It would be inaccurate to say we find the language of all of them to be entirely consistent.

Generally, our prior decisions fall into two categories: the first, cases in which the instruction was given to the jury, and the judgment of the court, based upon the verdict was either affirmed or reversed; the second, cases in which the trial court refused to give the instruction, and the judgment, in accordance with the verdict, was either affirmed or reversed.

---

[2]Cases collected in annotation: "Instructions on unavoidable accident, or the like, in motor vehicle cases," by W. W. Allen, 65 A. L. R. (2d) 12, 24 (1959).

[3]In California, the door may still be open for a limited use of the instruction, for the court said in *Butigan v. Yellow Cab Co.*, 49 Cal. (2d) 652, 320 P. (2d) 500, 65 A. L. R. (2d) 1 (1958): ". . . there is no *affirmative evidence* that the accident resulted from any cause other than the negligence of the defendants, and it is highly probable that the negligence of at least one of the defendants caused plaintiff's injuries. . . ." (Italics ours.) This possibility has been indicated in *Martz v. Ruiz*, 158 Cal. App. (2d) 590, 322 P. (2d) 981 (1958); *Brenner v. Beardsley*, 159 Cal. App. (2d) 304, 323 P. (2d) 841 (1958); *Rayner v. Ramirez*, 159 Cal. App. (2d) 372, 324 P. (2d) 83 (1958); *Emerton v. Acres*, 160 Cal. App. (2d) 742, 325 P. (2d) 685 (1958).

[4]See: *Hardman v. Younkers*, 15 Wn. (2d) 483, 493, 131 P. (2d) 177, 151 A. L. R. 868 (1942), for discussion of the theory of "unavoidable accident" in actions tried before the court.

I. (a) *Instruction given; defendant verdict; instruction approved; judgment affirmed.*

In the following cases, the unavoidable-accident instruction was given; the jury returned a verdict for defendant; and this court, approving the instruction, affirmed the judgment.

*O'Connell v. Home Oil Co.,* 180 Wash. 461, 468, 40 P. (2d) 991 (1935). (". . . Where there is *evidence* to support an issue of unavoidable accident, an instruction thereon is proper. . . ." (Italics ours.))

*Rettig v. Coca-Cola Bottling Co.,* 22 Wn. (2d) 572, 582, 156 P. (2d) 914 (1945). (". . . In this case, there were *facts and circumstances* from which the jury could conclude that, . . . nevertheless the accident happened." (Italics ours.))

*Biladeau v. Pomerenke,* 33 Wn. (2d) 145, 150, 204 P. (2d) 518 (1949). (". . . The 'other' or third car may have been solely to blame. . . .")

*Gaylord v. Schwartz,* 46 Wn. (2d) 315, 316, 281 P. (2d) 247 (1955). (". . . there was evidence showing or justifying an inference that this accident occurred without having been proximately caused by negligence. . . .")

*Pement v. F. W. Woolworth Co.,* 53 Wn. (2d) 768, 337 P. (2d) 30 (1959). This case will be noted later in this opinion.

I. (b) *Instruction given; defendant verdict; instruction approved; judgment reversed on other grounds.*

In the following cases, the trial court gave the unavoidable-accident instruction to the jury, which returned a verdict for defendant; this court approved the instruction, but reversed the cases on other grounds.

*Jackson v. Seattle,* 15 Wn. (2d) 505, 131 P. (2d) 172 (1942). (Reversed: it was error to submit the issue of contributory negligence in the absence of evidence.)

*Webb v. Seattle,* 22 Wn. (2d) 596, 602, 157 P. (2d) 312, 158 A. L. R. 810 (1945). (". . . The jury could have found that the victim of the accident fell under the bus wheel *or was pushed there by his schoolmates* in their hurry to board the bus. . . ." (Italics ours.))

*Cantrill v. American Mail Line, Ltd.,* 42 Wn. (2d) 590, 600, 257 P. (2d) 179 (1953). (". . . If *facts* are presented in the case which bear on the issue of unavoidable accident, such an instruction is proper. . . ." (Italics ours.))

*Bennett v. McCready,* 57 Wn. (2d) 317, 320, 356 P. (2d) 712 (1960). (". . . A jury, under proper instructions, might very well have found that the dangerous condition of the highway caused an unavoidable accident. . . .")

I. (c) *Instruction given; defendant verdict; error to give instruction; judgment reversed.*

In the following cases, the trial court gave the unavoidable-accident instruction to the jury, which returned a verdict for defendant. This court reversed the judgments and remanded the cases for a new trial because it was *error,* under the facts, to instruct on unavoidable accident.

*Brewer v. Berner,* 15 Wn. (2d) 644, 650, 131 P. (2d) 940 (1942).

("There was no *evidence* that the collision between the two cars was the result of an unavoidable accident. On the contrary, the *evidence* presented but two questions for the jury to decide, and those questions were negligence . . . and contributory negligence . . ." (Italics ours.))

*Pakka v. Fitzpatrick,* 53 Wn. (2d) 356, 358, 333 P. (2d) 917 (1959). (". . . A party is entitled to an instruction upon his theory of a case only when there is sufficient *evidence* to support a finding by the jury in accord therewith. . . ." (Italics ours.))

In *Van Ry v. Montgomery,* 58 Wn. (2d) 46, 49, 360 P. (2d) 573 (1961), the court gave an unavoidable-accident instruction. The jury returned a verdict for defendant. This court affirmed the trial court's order granting a new trial because it was error to give the instruction, and said: ". . . There was no *evidence* of any cause outside of the defendant driver's inattention. . . ." (Italics ours.)

I. (d) *Instruction given; plaintiff verdict.*

In *Hayes v. Staples,* 129 Wash. 436, 225 Pac. 417 (1924), the jury returned a verdict for plaintiff. Defendant ap-

pealed and assigned error to an instruction that stated, *inter alia*:

"... 'On these admissions you are justified in finding a verdict for each of the plaintiffs for damages for such injuries as she has satisfied you she has sustained, *unless you believe that the accident was unavoidable, and not due to the negligence of* [defendant] *Staples.*'" (Italics ours.)

Patently, the italicized portion of the quoted instruction was not prejudicial to defendant Staples. The judgment was affirmed. Although this case has been cited as one approving the unavoidable-accident instruction, we find the opinion of little aid, for the court did not discuss unavoidable accident.

II. (a) *Instruction requested; refused; plaintiff verdict; judgment affirmed.*

In the following cases, this court affirmed the trial court's refusal to give defendant's requested instruction on unavoidable accident.

*Reitan v. Crooks,* 153 Wash. 75, 84, 279 Pac. 97 (1929).

("Requested instruction 12 was one relating to an unavoidable collision.

"Under all the facts and issues in this case, we see no room for the jury to have found the collision to have been unavoidable. Both negligence and contributory negligence were alleged, and facts thereunder were submitted to the jury upon appropriate instructions. . . .")

*Lindsey v. Elkins,* 154 Wash. 588, 608, 283 Pac. 447 (1929).

("... There were no facts from which the jury could find that the accident was unavoidable. The court properly refused to give the instruction as it was inapplicable to the facts in evidence.")

*Orme v. Watkins,* 44 Wn. (2d) 325, 330, 267 P. (2d) 681 (1954).

("... To have given, in addition, an instruction on unavoidable accident, would have been surplusage and might have tended to confuse the jury. After all, the question confronting the jury was one of negligence. . . .")

*Barnes v. Labor Hall Ass'n,* 51 Wn. (2d) 421, 426, 319 P. (2d) 554 (1957).

("An instruction on unavoidable accident is proper only

when the evidence shows or justifies an inference that an unavoidable accident has occurred as that term has been defined. See *Brewer v. Berner,* 15 Wn. (2d) 644, 131 P. (2d) 940 (1942). In the case at bar, the *evidence* presented but two issues for the jury to decide on the question of liability, and those were (1) whether negligence proximately causing the injuries existed on the part of appellant, and (2) the existence of contributory negligence on the part of respondent. Therefore, an instruction on unavoidable accident was not warranted." (Italics ours.))

In *Kiehn v. Sprague School Dist. No. 8,* 52 Wn. (2d) 565, 569, 324 P. (2d) 446 (1958), this court approved the trial court's refusal to give defendant's requested instruction on unavoidable accident, saying:

". . . The defense of unavoidable accident is not available when the emergency is created by the negligent act of the defendant (appellant). . . ."

Judgment for the plaintiff, however, was reversed on other grounds.

II. (b) *Instruction requested; refused; plaintiff verdict; judgment reversed.*

This court has never reversed a trial court for refusing to give a defendant's requested instruction on unavoidable accident.

■ Since this court has not, to this date, regarded a refusal to give the unavoidable-accident instruction as reversible error and has on at least three occasions (*Brewer v. Berner, supra; Pakka v. Fitzpatrick, supra; Van Ry v. Montgomery, supra*) held it error to give the instruction, it would appear better practice to omit it except in those instances in which, quite plainly, it is peculiarly appropriate.

■ Running as a thread through most of our former decisions that we have reviewed, is the thought, stated affirmatively, that it is proper to give the instruction if there is affirmative evidence that an unavoidable accident occurred; stated negatively, it is error to give the instruction if there is no evidence of an unavoidable accident or if the only issue possible under the facts is that of negli-

gence and contributory negligence. Our short citation from some of these cases is only for the purpose of highlighting the nature of the evidence deemed necessary.

It is possible to give a contrary interpretation to our recent decision in *Pement v. F. W. Woolworth Co.*, 53 Wn. (2d) 768, 337 P. (2d) 30 (1959). To do so, however, would require us to assume that it overruled sub silentio our former decisions. This assumption is not merited.

The best statement of the rule is found in *Brewer v. Berner*, 15 Wn. (2d) 644, 650, 131 P. (2d) 940 (1942).

"We hold to the view and are of the opinion that an instruction on unavoidable accident is only authorized when the evidence shows or justifies an inference that an unavoidable accident has occurred as that term has been defined. In other words, facts must be present in the case on the issue of unavoidable accident, and unless they are so present it is reversible error to give an instruction on that question.

"There was no evidence that the collision between the two cars was the result of an unavoidable accident. On the contrary, the evidence presented but two questions for the jury to decide, and those questions were negligence on the part of respondent and contributory negligence on the part of appellant.

"While it is true that there was some gravel and dirt on the pavement at or near the point of collision, which might under certain circumstances bring about an unavoidable accident, it was equally true that the evidence did not indicate that it caused or contributed in any way to the accident."

We doubt if the rule can be written with greater clarity and still be applicable to every conceivable situation.

The facts in *Jackson v. Seattle*, 15 Wn. (2d) 505, 131 P. (2d) 172 (1942), present a classic example of the proper use of the instruction, although judgment for defendant was reversed on other grounds. Plaintiff stepped from a city bus into a hole that was not exposed nor obvious because it was covered with grass.

The sole problem of the case at bar is: Does the record contain the essential evidentiary foundation to jus-

tify the trial court's giving the unavoidable-accident instruction?

We conclude that the record does not justify the instruction. The only issue is negligence or contributory negligence. Our conclusion is supported by the rationale of *Brewer v. Berner, supra*; *Pakka v. Fitzpatrick, supra*; and *Van Ry v. Montgomery, supra*.

The judgment is reversed, and a new trial is granted.

FINLEY, C. J., HILL, and ROSELLINI, JJ., concur.

FOSTER, J., concurs in the result only.