[No. 35623.    Department Two.    April 26, 1962.]

VICKI LYNN SCHULTZ, *Appellant,* v. CHENEY SCHOOL DISTRICT No. 360, *Respondent.*\*

\*Reported in 371 P. (2d) 59.

*Del Cary Smith* and *Del Cary Smith, Jr.*, for appellant.

*MacGillivray, Jones, Clarke & Jones,* by *Willard W. Jones,* for respondent.

RosELLINI, J.—This is a personal injury action in which the jury returned a verdict for the defendant. The evidence showed that the plaintiff fell or was thrown from her seat in the defendant's school bus when it was driven off the highway into a ditch. This occurred because the attention of the driver was diverted momentarily from the road when a bee flew in the window and stung him on the neck. He ducked his head and tried with his left hand to extricate the bee from under his collar. While he was thus engaged the bus veered to the left and onto the shoulder of the road, a distance of about 75 feet.

At this point the driver raised his head and perceived what had happened. He endeavored to turn the bus back onto the road, but because of the soft condition of the shoulder, he was unable to do so and the bus went down into a shallow ditch, tilting first to the left and then to the right before it could be stopped. It was this motion of the bus that caused the plaintiff to fall into the aisle.

There was no contention that the driver was operating the bus in a negligent manner before the bee stung

him. But the plaintiff urged in the trial court, and now urges here, that the evidence showed that he was negligent as a matter of law in failing to keep the bus under control after that incident. The testimony was that only a few seconds passed between the moment of the bee sting and the moment the driver discovered that the bus had veered across the highway. He testified that the sting startled him and that the bee continued to buzz under his collar after it had stung him.

We think the trial court correctly decided that it was for the jury to determine whether his action in lowering his head and endeavoring with one hand to remove the bee was instinctive or whether reasonable care required him to maintain control of the bus in spite of this painful distraction. It is not a question that can be decided as a matter of law.

The defendant, by its answer, denied negligence and affirmatively alleged that the accident was unavoidable. Error is assigned to the giving of an instruction defining "unavoidable accident."

The plaintiff does not quarrel with the instruction as a correct statement of the law, but contends first that it was inapplicable in this case because the defendant was negligent as a matter of law, and second that such an instruction should never be given because it is misleading and superfluous.

For the reason previously stated in this opinion, there is no merit to the first of these contentions. As to the second, it is well established in this jurisdiction that an instruction on unavoidable accident is proper when the evidence shows or justifies an inference that an unavoidable accident has occurred, as that term has been defined. *Bennett v. McCready,* 57 Wn. (2d) 317, 356 P. (2d) 712; *Gaylord v. Schwartz,* 46 Wn. (2d) 315, 281 P. (2d) 247; *O'Connell v. Home Oil Co.,* 180 Wash. 461, 40 P. (2d) 991.

The argument that the instruction is superfluous and misleading has been thoroughly considered in *Cooper v. Pay-N-Save Drugs, ante* p. 829, 371 P. (2d) 43. After ana-

lyzing the authorities, this court announced the following rule:

" . . . it is proper to give the instruction if there is affirmative evidence that an unavoidable accident occurred; stated negatively, it is error to give the instruction if there is no evidence of an unavoidable accident or if the only issue possible under the facts is that of negligence and contributory negligence. . . . "

In this case, the defendant was not negligent as a matter of law. It affirmatively alleged and introduced evidence that the accident was unavoidable. The jury could find the defendant liable if it found that the accident was the result of the driver's negligence, or it could find, as it did, that the driver lost control of his vehicle momentarily because of his instinctive reaction to the sudden and unexpected attack of the bee, and that his acts under the circumstances were not negligent. Implicit in this finding is a determination that the accident was unavoidable in the exercise of due care. The instruction was proper under the evidence.

The judgment is affirmed.

FINLEY, C. J., DONWORTH, and OTT, JJ., concur.

FOSTER, J. (dissenting)—For the reasons stated by the Supreme Court of California in *Butigan v. Yellow Cab Co.*, 49 Cal. (2d) 652, 320 P. (2d) 500, 65 A. L. R. (2d) 1, the instruction on unavoidable accident should be banished from the law. I therefore dissent.