[No. 106-41266-3.   Division Three.   July 9, 1970.]
EDWIN WOODIWISS et al., Appellants, v. KAREN L. RISE, Respondent.

*J. P. Tonkoff* (of *Tonkoff & Dauber*), for appellants.

*Terry A. Brooks* (of *Nashem, Prediletto & Fortier*), for respondent.

GREEN, J.—Plaintiffs, Edwin Woodiwiss and Joy Payne, brought this action against the defendant, Karen L. Rise, to recover for personal injuries and property damage arising out of a rear-end automobile collision. From a jury verdict in favor of defendant, plaintiffs appeal.

The accident occurred at about 1 a.m. on July 5, 1968 on state highway 10, on the east side of Snoqualmie Pass in the Hyak area. At the point of the accident, state highway 10 is a divided 4-lane highway, the eastbound and westbound lanes being separated by terrain. The accident occurred in the two eastbound lanes. Each of these lanes

measured 12 feet from the center line to the fog line with a 3- or 4-foot shoulder on the left side of the roadway going east, and at least equal or more shoulder width on the right side; the grade is generally downhill. The weather was clear; the road surfaces were dry; it was dark; and the speed limit was 60 miles per hour.

All parties were acquainted and were enroute to Ellensburg from Puyallup, Washington, in two separate automobiles. Plaintiff Edwin Woodiwiss was driving his 1965 Chevrolet and was the lead car. He was accompanied by plaintiff Joy Payne. Defendant Karen Rise drove her 1960 Rambler station wagon and was the following car. She was accompanied by the children of Joy Payne and her own child.

Plaintiff testified as he was traveling down the east side of Snoqualmie Pass approaching the Hyak area, he went around a right-hand curve and as he was entering a left-hand curve traveling approximately 45 miles per hour, a fawn darted across the road in front of his car; he immediately applied his brakes, reducing his speed to approximately 15 or 20 miles per hour; he was not sure whether he actually hit the fawn; and before he could again accelerate his car, he was hit in the rear by defendant's vehicle. Plaintiff testified he came to a complete stop within 10 to 15 feet; the point of impact was in the right-hand lane just as he started to enter the left-hand curve.

Defendant testified she lost sight of plaintiff's vehicle as she left the summit of Snoqualmie Pass; as she was approaching the Hyak area she went around a right-hand curve at approximately 40 to 45 miles per hour and spotted plaintiff's vehicle about 150 to 200 feet ahead of her on a straight-away before the next left-hand curve; she thought plaintiff's vehicle was in motion; when she decided plaintiff's vehicle was not moving, she immediately applied her brakes and while skidding at 10 to 15 miles per hour collided with the rear of plaintiff's vehicle. Because of an embankment on one side of the road, a ditch on the other and the presence of the children in the car, she elected not

to attempt a maneuver around plaintiff's vehicle but chose to try to avoid the collision by applying her brakes. She thought she had time to stop. Defendant testified it was her impression plaintiff's vehicle was in the middle of the road.

Trooper Kenneth W. Brickman who arrived at the scene following the accident testified he determined from dirt, water and tail-light lenses lying in the roadway that the point of impact was in the right eastbound lane. He looked for skid marks from either vehicle but could find none. Trooper Brickman testified a driver rounding the right-hand curve could first see the point where he found debris at a distance of approximately 319 yards.

Plaintiff Joy Payne testified Mr. Woodiwiss was traveling about 60 miles per hour as he traveled around a right-hand curve and had slowed to 50 miles per hour at the point of the accident; their vehicle collided with a deer; and immediately thereafter they were hit in the rear by defendant's vehicle. She testified the point of impact was in the right lane of traffic, approximately one-third of the way back from the left-hand curve. (Based on Trooper Brickman's testimony, this would be about 600 feet from a point in the right-hand curve where this point of impact was first visible.)

The exhibits in evidence show the right- and left-hand curves, as referred to by the parties, were gradual as contrasted to sharp curves. Plaintiffs claim the trial court erred in denying their motion for new trial, submitting instructions on unavoidable accident and the emergency doctrine, and in failing to submit certain instructions on defendant's duties and others that would have directed a verdict for plaintiffs.

■■ First, plaintiffs contend the court erred in instructing the jury on unavoidable accident. It is the rule that where there is affirmative evidence that an unavoidable accident occurred, it is proper to instruct upon it; on the other hand, where there is no evidence of an unavoidable accident or if under the facts the only issue possible is that of negligence and contributory negligence, the giving of

such instruction is error. *Cooper v. Pay-N-Save Drugs, Inc.,* 59 Wn.2d 829, 371 P.2d 43 (1962). An unavoidable accident is one which could not have been prevented by the exercise of due care by both parties under the circumstances prevailing. *Van Ry v. Montgomery,* 58 Wn.2d 46, 360 P.2d 573 (1961). The evidence and exhibits do not dispute the fact there was at least 15 feet of roadway and shoulder on either side of the center line of the roadway. If the jury determined the accident occurred in the right eastbound lane of traffic, it is evident the accident could easily have been avoided by defendant passing plaintiff's vehicle in the left lane. If the jury believed the testimony of defendant that plaintiff's vehicle straddled the center line of the roadway, defendant could have taken evasive action to avoid collision by passing on either side of plaintiff's vehicle. The fact defendant elected to apply her brakes and was unable to stop does not make the accident unavoidable in view of the available alternatives. For these reasons it was improper for the trial court to have given an instruction on unavoidable accident in this case.

■ Second, plaintiffs contend it was reversible error to have submitted to the jury an instruction on emergency. It has long been established that the primary duty of avoiding a collision rests upon the following driver. In the absence of an emergency or unusual conditions, the following driver is negligent if he runs into the car ahead. *Tackett v. Milburn,* 36 Wn.2d 349, 218 P.2d 298 (1950). Plaintiff contends there was no jury issue presented as to whether an emergency existed. We disagree. Under the facts of this case, a jury question was presented as to whether or not the defendant coming upon plaintiff's vehicle under the circumstances shown by the evidence constituted such an emergency as to relieve her of the primary duty imposed by the following-car doctrine.

Third, plaintiffs claim the trial court erred in refusing to give proposed instructions covering defendant's failure to observe traffic upon the public highway, failure to timely apply her brakes, failure to keep a proper lookout, failure

to keep her car under control, failure to see that which was there to be seen. It is plaintiffs' contention that because these instructions were refused, they were unable to argue their theory of the case. From a complete review of the instructions given, we are convinced that plaintiffs were able to argue their theory of the case. The trial court did not err in refusing to give such instructions.

Last, plaintiff claims the trial court erred in refusing to direct a verdict for plaintiff or to give proposed instructions having the same effect. This was not error in view of our holding with respect to the issue presented by the emergency instruction.

Judgment reversed and the case remanded for trial in accordance with this opinion.

EVANS, C. J., and MUNSON, J., concur.